J. C. HURWITZ, Julian Hurwitz, John Goldberg and Lillian Hurwitz Goldberg, Plaintiffs,

v.

UNITED STATES of America, Defendant.

Civ. A. No. 13372.

United States District Court
S. D. Texas,
Houston Division.

Aug. 31, 1962.

Dow & Dow, Harry Dow, Houston, Tex., for plaintiffs.

Wm. B. Butler, and John H. Baumgarten, Houston, Tex., for defendant.

JOSEPH C. HUTCHESON, Jr., Circuit Judge.

This is an estate tax case, arising under the Internal Revenue Code of 1939. The plaintiffs, independent executors and independent executrix of the estate of

Benjamin Samuel Hurwitz, have filed suit for a refund of estate tax, on the ground that the estate was entitled to, but was disallowed, a deduction for property previously taxed in the estate of decedent's spouse, who predeceased him within less than five years. Plaintiffs have moved for summary judgment on the undisputed facts, and the United States has moved for judgment on the pleadings. The material facts are set forth correctly in the Government's brief.

Benjamin Samuel Hurwitz died on September 27, 1952. On December 28, 1953, a federal estate tax return was filed for his estate, showing a gross estate of $325,755.15, deductions of $33,793.91, and a tax payable in the amount of $56,881.30.

The decedent's gross estate of $325,755.15 included the sum of $145,543.06, which had been bequeathed and devised to Benjamin Samuel Hurwitz by his wife, Raye Gertrude Hurwitz, pursuant to the terms of her will. Raye Gertrude Hurwitz died testate on June 22, 1948.

The aforementioned sum of $145,543.06 was previously taxed in the estate of Raye Gertrude Hurwitz and is traceable to such estate and was a part of the estate of Benjamin Samuel Hurwitz.

On December 26, 1956, plaintiffs, in their capacity as independent executors and independent executrix, duly and timely filed a claim for refund in the office of the District Director of Internal Revenue for the First District of Texas, praying for a refund of $37,188.37, including principal and interest. This claim for refund was rejected by the Commissioner on or about October 24, 1958.

In their complaint filed on October 21, 1960, the plaintiffs contend that, after all proper limitations, the sum of $95,433.57 should have been allowed to the estate of Benjamin Samuel Hurwitz as a deduction for property previously taxed in the estate of Raye Gertrude Hurwitz, with respect to the computation of the additional tax owing by the estate of Benjamin Samuel Hurwitz. Plaintiffs do not question the accuracy of the computation of the basic tax on the estate of Benjamin Samuel Hurwitz, but do question the accuracy of the computation of the additional tax on the estate of Benjamin Samuel Hurwitz.

The question raised by these facts is whether the 1948 amendment to section 812(c) of the Internal Revenue Code of 1939, 26 U.S.C.A. § 812(c), eliminating the deduction for property previously taxed in cases in which the prior decedent was the spouse of the present decedent, is applicable both to the basic estate tax and the additional estate tax, as the Government contends, or only to the basic estate tax, as the plaintiffs contend.

Subchapter A (sections 800–931) of Chapter 3 of the Internal Revenue Code of 1939 imposes the basic estate tax. That tax is derived from the Revenue Act of 1926, 44 Stat. 69. Section 812 provides that the net estate, upon which the tax is to be based, shall consist of the gross estate, less the deductions set forth in section 812. Section 812(c) allows a deduction for the value of property previously taxed in the estate of a decedent who died within five years prior to the death of the present decedent.

The Revenue Act of 1932, 47 Stat. 243, enacted what is now subchapter B of Chapter 3 of the Code. Section 935 of subchapter B imposes an additional estate tax. Section 935(c) provides that: "For the purposes of this section the net estate shall be determined as provided in subchapter A, except that in lieu of the exemption of $100,000 provided in section 812(a), the exemption shall be $60,000."

The Revenue Act of 1948, ch. 168, sec. 362, 62 Stat. 121, amended section 812(c) by adding the following paragraph:

"The following property shall not, for the purposes of this subsection, be considered as property with respect to which a deduction may be allowed: (A) property received from a prior decedent who died after

December 31, 1947, and was at the time of such death the decedent's spouse \* \* \*."

■ Plaintiffs contend that the 1948 amendment did not change the definition of net estate for purposes of computing the additional estate tax under subchapter B. They contend that the effect of section 935(c) was to "incorporate by reference" the definition of net estate provided in subchapter A, as that definition stood at the time that section 935(c) was enacted (1932). For this contention, plaintiffs rely upon the canon of construction that where one statute adopts another, subsequent amendments to the original statute will not affect the adopting statute, unless a contrary intent is clearly shown. Plaintiffs argue that the estate of Benjamin Samuel Hurwitz, in computing the additional tax, should therefore have been allowed a deduction of $95,433.57, for property previously taxed in the estate of Raye Gertrude Hurwitz, who died within five years prior to the death of Benjamin Samuel Hurwitz.

The Government argues that the additional estate tax and the basic estate tax are both computed on the same concept and definition of the net estate. Apart from the different rates imposed and credits allowed, the only difference between the two taxes is the exemption allowed. Since the deduction for property previously taxed is a deduction allowed, if at all, in arriving at the net estate, "it is thus obviously applicable to both additional estate tax and basic estate tax."

The canon of construction upon which plaintiffs rely is normally applied to a situation in which one jurisdiction has adopted a statute from another jurisdiction. In such a case, the only connection between the two statutes is the words of adoption or "incorporation." Because the legislature of one jurisdiction lacks the power to amend the laws of another jurisdiction, subsequent amendments to the adopted statute are held not to affect the adopting statute, unless the legislature of the adopting jurisdiction has clearly manifested an intent that the amendments should do so.

■ In this case, however, the situation is quite different. The two statutes concerned, sections 812(c) and 935(c), are connected by much more than the mere fact that section 935(c) makes reference to section 812. One legislative body has enacted both statutes. Both statutes are part of one legislative scheme: the estate tax. Both deal with the same subject: computation of the net estate, for purposes of determining the estate tax. The Supreme Court has stated:

"As a general rule, where the legislation dealing with a particular subject consists of a system of related general provisions indicative of a settled policy, new enactments of a fragmentary nature on that subject are to be taken as intended to fit into the existing system and to be carried into effect conformably to it, excepting as a different purpose is plainly shown." United States v. Jefferson Electric Co., 1933, 291 U. S. 386, 396, 54 S.Ct. 443, 78 L.Ed. 859.

■ That rule states the approach which should be taken in this case. If the relationship between subchapter A (the basic estate tax) and subchapter B (the additional estate tax) is properly understood, it is evident that Congress did not intend to limit the operation of the 1948 amendment to the basic estate tax, as plaintiffs contend. The Revenue Act of 1926, from which is derived subchapter A, was originally "the" estate tax. The stated purpose of Congress in enacting the Revenue Act of 1932, from which is derived subchapter B, was to increase revenues. Its stated purpose in enacting the additional estate tax was to increase the effective estate tax rates. In reporting on the Revenue Bill, the House Ways and Means Committee stated: "The task of the committee was to formulate a measure which would put a stop to increase of the public debt in the fiscal

year beginning July 1, 1932." H.R.Rep. No. 708, 72nd Cong., 1st Sess. (1932), reported in 1939–1 Cum.Bull., Pt. 2, 457, 460. In discussing the estate tax provisions of the bill, the committee stated: "The bill as reported by your committee doubles the estate-tax levy under the present law on all estates, irrespective of their size * * *." Id. at 462. The Senate Finance Committee, in reporting on the House bill, stated: "Under the House bill an additional estate tax is imposed equal to the excess of the amount of a tentative tax over the tax computed under existing law prior to the allowance of the 80 per cent credit [for state inheritance taxes]." S.Rep. No. 665, 72nd Cong., 1st Sess. (1932), reported in 1939–1 Cum.Bull., Pt. 2, 496, 523.

The applicable Treasury Regulations state the following as being the relationship between subchapter A and subchapter B:

"Such Act [subchapter A] is denominated the basic Act for the reason that its provisions equally apply to the additional tax imposed by the Revenue Act of 1932, as amended, save as to rates, the amount of the specific exemption, and the credits allowed for the gift tax and for estate, inheritance, legacy or succession taxes." Reg. 80 (1937 Ed.), Art. 1.

Subchapters A and B together constitute one revenue system. The intended function of each subchapter is clear, in view of the legislative history of subchapter B and the nature of the provisions contained in each subchapter. Subchapter A states what property shall be subject to the estate tax, by defining the gross estate and setting forth the allowable deductions from it. It states the method of assessing and collecting the tax. Finally, it sets the basic rates. The function of subchapter B is merely to increase those rates. By the insertion of section 935(c), Congress manifested an intent that the base amount (the "net estate") upon which the basic tax was computed should also be the base amount

upon which the additional tax should be computed. The effect of section 935(c), therefore, was not, as plaintiffs contend, simply to "incorporate" or adopt the relevant sections of subchapter A, as they stood in 1932. Its effect was to make applicable to the entire estate tax system (now chapter 3) the definition of net estate found in subchapter A. Taken together, section 812 and section 935(c) define net estate as used in all of chapter 3. Because section 935(c) was intended to operate, and did operate, to make subchapter A's definition of net estate applicable to the entire estate tax chapter, any statutory change in that definition would also be applicable to the entire chapter.

Plaintiffs, by mechanically applying a canon of construction, reach a result at variance with the evident Congressional purpose when it enacted subchapter B. Clearly, before section 812 was ever amended, the basic and additional estate taxes were computed upon the same "net estate" (except for the differing exemptions). Congress, in 1932, undeniably intended that the two taxes should be computed on the same "net estate," because section 935(c) expressly so provided. Nothing surrounding the 1948 amendment to section 812(c), or any prior amendment to section 812, indicates a Congressional intent to change that existing law.

Plaintiffs contend that Hassett v. Welch, 1938, 303 U.S. 303, 58 S.Ct. 559, 82 L.Ed. 858, supports their position. Section 302(c) of the Revenue Act included in a decedent's estate, any property interest of which he had at any time made a transfer in contemplation of or intended to take effect in possession or enjoyment at or after, death. Subsection 302(h) provided that subsection 302(c) would apply to such transfers whether made before or after the enactment of the Act. Section 302(c) was amended by the Joint Resolution of March 3, 1931, to include, as taxable, transfers of property with a retained life estate in the transferor. That pro-

vision was reenacted in the Revenue Act of June 6, 1932. The court held that the amendment did not operate retroactively. Plaintiffs rely upon the following statement by the Court:

"Where one statute adopts the particular provisions of another by a specific and descriptive reference to the statute or provisions adopted, the effect is the same as though the statute or provisions adopted had been incorporated bodily into the adopting statute. * * * Such adoption takes the statute as it exists at the time of adoption and does not include subsequent additions or modifications of the statute so taken unless it does so by express intent." 303 U.S. 303, 314, 58 S.Ct. 559.

In fact, however, a number of other considerations prompted the court in its decision. First, the court relied upon the canon that a law is presumed to operate prospectively, in the absence of clear expression to the contrary. Second, the administrative interpretation placed upon the amendment had accorded it only prospective effect, and the amendment had been reenacted in 1932 in light of that interpretation. Finally, the court believed that the legislative history of the amendment supported its interpretation.

No such considerations work in plaintiffs' favor in this case. Here, the evident Congressional purpose and intent are contrary to plaintiffs' position. Here, there is no problem of retroactive application of the statute involved. To support their position, plaintiffs have nothing but a formal canon of construction, which is inapplicable to this case.

Finally, plaintiffs argue that it would be inequitable to disallow the deduction in their case, for purposes of computing the additional estate tax, because the result would be to subject the previously taxed property to a double tax. But Congress clearly intended that the deduction should not be allowed, and the wisdom of that policy was a matter for legislative determination.

In order to obtain a deduction, a taxpayer must point to an express provision bringing him clearly within it. The deduction which plaintiffs claim in computing the net estate for purposes of the additional estate tax is not allowable to them, because the 1948 amendment to section 812(c) operated to change the definition of net estate for purposes of both the basic and additional estate tax.

The motion of the plaintiffs for summary judgment should be denied, and the motion of the Government for judgment on the pleadings should be granted, and it is so ordered.