**UNITED STATES of America,**
**Appellant,**

**v.**

**Colin DENISON, as Executor under the Will of Emma Long Rogers, Deceased, Appellee.**

**No. 19583.**

United States Court of Appeals
Fifth Circuit.

June 12, 1963.

Louis F. Oberdorfer, Asst. Atty. Gen., Lee A. Jackson, Atty., Dept. of Justice, Washington, D. C., Donald H. Fraser, U. S. Atty., Savannah, Ga., Harry Baum, David I. Granger, Attys., Dept. of Justice, Washington, D. C., for appellant.

John E. Simpson, Savannah, Ga., J. H. Highsmith, Baxley, Ga., Joseph H. Thomas, Jr., Jesup, Ga. (Hitch, Miller, Beckmann & Simpson, Savannah, Ga., of counsel), for appellee.

Before JONES and BELL, Circuit Judges, and GROOMS, District Judge.

JONES, Circuit Judge.

The appellee, Colin Denison, as Executor under the Will of Emma Long Rogers, Deceased, paid a deficiency as-

sessment for estate tax made by the Commissioner of Internal Revenue, brought suit for a refund and recovered judgment. From the judgment so recovered, the United States has appealed. The facts are stipulated.

William C. Rogers died on November 19, 1951, leaving an estate valued at over two million dollars on which a federal estate tax exceeding $700,000 was paid. D. H. Rogers, a brother of William C. Rogers, had a distributable interest which was said to be $152,975.91 in the estate of the latter. Of this amount the sum of $87,111.10 was paid to D. H. Rogers and $65,864.81 was paid to his wife, Emma Long Rogers. She was in no sense a legatee or distributee of the William C. Rogers estate and any sum paid to her was in distribution of the share of her husband. On January 23, 1955, D. H. Rogers died leaving an estate of $98,860.98. His entire estate went to his widow, Emma Long Rogers. The use of the marital deduction resulted in no estate tax being payable with respect to his estate. Emma Long Rogers died on April 14, 1955, leaving an estate of the value of $172,876.54. Substantially all of the assets of the estate of D. H. Rogers and of the estate of Emma Long Rogers were derived, mediately or immediately, from the estate of William C. Rogers. The Commissioner of Internal Revenue determined that the estate of Emma Long Rogers was not entitled to any credit under Section 2013 of the Internal Revenue Code of 1954.[1] If the

1. (a) "General rule.—The tax imposed by Section 2001 shall be credited with all or a part of the amount of the Federal estate tax paid with respect to the transfer of property (including property passing as a result of the exercise or non-exercise of a power of appointment) to the decedent by or from a person (herein designated as a 'transferor') who died within 10 years before, or within 2 years after, the decedent's death. If the transferor died within 2 years of the death of the decedent, the credit shall be the amount determined under subsections (b) and (c). If the transferor predeceased the decedent by more than 2 years, the credit shall be the following percentage of the amount so determined—

"(1) 80 percent, if within the third or fourth years preceding the decedent's death;

"(2) 60 percent, if within the fifth or sixth years preceding the decedent's death;

"(3) 40 percent, if within the seventh or eighth years preceding the decedent's death; and

"(4) 20 percent, if within the ninth or tenth years preceding the decedent's death;

"(b) Computation of credit.—Subject to the limitation prescribed in subsection (c), the credit provided by this section shall be an amount which bears the same ratio to the estate tax paid (adjusted as indicated hereinafter) with respect to the estate of the transferor as the value of the property transferred bears to the taxable estate of the transferor (determined for purposes of the estate tax) decreased by any death taxes paid with respect to such estate and increased by the exemption provided for by section 2052 or section 2106(a) (3), or the corresponding provisions of prior laws, in determining the taxable estate of the transferor for purposes of the estate tax. For purposes of the preceding sentence, the estate tax paid shall be the Federal estate tax paid increased by any credits allowed against such estate tax under section 2012, or corresponding provisions of prior laws, on account of gift tax, and for any credits allowed against such estate tax under this section on account of prior transfers where the transferor acquired property from a person who died within 10 years before the death of the decedent.

"(c) Limitation on credit.—

"(1). In general.—The credit provided in this section shall not exceed the amount by which—

"(A) the estate tax imposed by section 2001 or section 2101 (after deducting the credits for State death taxes, gift tax, and foreign death taxes provided for in sections 2011, 2012, and 2014) computed without regard to this section, exceeds

"(B) such tax computed by excluding from the decedent's gross estate the value of such property transferred and, if applicable, by making the adjustment hereinafter indicated.

If any deduction is otherwise allowable under section 2055 or section 2106(a) (2) (relating to charitable deduction) then, for the purpose of the computation indicated in subparagraph (B), the amount of such deduction shall be reduced by that part of such deduction

credit had been allowed the tax payable would have been a much smaller amount than determined by the Commissioner, perhaps none at all. The disallowance of the credit resulted in an assessment for the substantial deficiency which is the subject of the controversy before us.

The district court decided that it was the purpose and intent of the enactment of Section 2013 of the Internal Revenue Code of 1954 to subject property to an estate tax only once where it passed through two or more successive estates in a ten-year period. To sustain the Government's position would be contrary to the principles of equity and fairness and contravene the purpose and intent of the statute, said the district court. The case is, apparently, one of first impression. In order to obtain the benefit of a credit against a tax it is necessary for the taxpayer to point to an express provision of the statute and bring himself within it. Hurwitz v. United States, D.C.S.D.Tex.1962, 208 F.Supp. 594. The provision to which the appellee points is that portion of the last sentence of Section 2013(b) which

refers to "any credits allowed." The appellee would construe this as though it read "any credits allowed or allowable," so as to carry the credit from the William C. Rogers estate through the D. H. Rogers estate to the Emma Long Rogers estate and give effect to the theory that property is not to be subjected to estate taxes more than one time during a ten-year period. In support of this, the appellee directs our attention to the Congressional Committee reports where, in explaining Subsection (b), it is said, "With certain limitations, the effect of this section is to subject property to estate tax only once where two or more decedents all die within a 10-year period." H.Rep. No. 1337, 3 U.S.Cong. & Adm.News 1954, pp. 4017, 4452; S.Rep. No. 1622, 3 U.S.Cong. & Adm.News 1954, pp. 4621, 5108.

Under the 1939 Internal Revenue Code the policy that property should not be subjected to an estate tax more than once during a fixed period was given effect by a deduction, which was allowed to the second estate, of the value of the property included and taxed in the first estate. In the 1954 Code the result is

which the value of such property transferred bears to the decedent's entire gross estate reduced by the deductions allowed under sections 2053 and 2054, or section 2106(a) (1) (relating to deduction for expenses, losses, etc.). For purposes of this section, the value of such property transferred shall be the value as provided for in subsection (d) of this section.

"(2) Two or more transferors.—If the credit provided in this section relates to property received from 2 or more transferors, the limitation provided in paragraph (1) of this subsection shall be computed by aggregating the value of the property so transferred to the decedent. The aggregate limitation so determined shall be apportioned in accordance with the value of the property transferred to the decedent by each transferor.

"(d) Valuation of property transferred. —The value of property transferred to the decedent shall be the value used for the purpose of determining the Federal estate tax liability of the estate of the transferor but—

"(1) there shall be taken into account the effect of the tax imposed by

section 2001 or 2101, or any estate, succession, legacy, or inheritance tax, on the net value to the decedent of such property;

"(2) where such property is encumbered in any manner, or where the decedent incurs any obligation imposed by the transferor with respect to such property, such encumbrance or obligation shall be taken into account in the same manner as if the amount of a gift to the decedent of such property was being determined; and

"(3) if the decedent was the spouse of the transferor at the time of the transferor's death, the net value of the property transferred to the decedent shall be reduced by the amount allowed under section 2056 (relating to marital deductions), or the corresponding provision of prior law, as a deduction from the gross estate of the transferor.

"(e) Property defined.—For purposes of this section, the term "property" includes any beneficial interest in property, including a general power of appointment (as defined in section 2041)." 26 U.S. C.A. (I.R.C.1954) § 2013.

accomplished by the giving of a credit upon the tax which would otherwise be payable by the second estate. The amount of the credit is computed under a statutory formula which, subject to limitations and adjustments, fixes the credit as an amount which bears the same ratio to the estate tax paid with respect to the estate of the tranferor as the value of the property transferred bears to the taxable estate of the transferor. 26 U.S.C.A. (I.R.C.1954) § 2013(b). The transferor is a person from or by whom property is transmitted to another under any condition or form of ownership which requires the inclusion of such property in the gross estate of the transferor for federal estate tax purposes. S.Rep. 1622, supra. See also Lowndes and Kramer, Federal Estate and Gift Taxes, 2nd Ed. 538, § 2013.

 In the case before us William C. Rogers is the transferor to D. H. Rogers, who would be a transferor to Emma Long Rogers. Under the statute, any credit for tax on prior transfers available to the estate of Emma Long Rogers would be based directly upon an estate tax paid by the estate of her husband, increased by any credit under Section 2013 actually allowed to his estate against the payment of such tax otherwise owing. Thus, the availability of a credit to the Emma Long Rogers estate is dependent upon the existence of a prior taxable estate in her husband. Since her husband had no such taxable estate, it follows that no credit under Section 2013 is available to the estate of Emma Long Rogers. The fact that the transferor's estate would have been allowed a credit under Section 2013 if a taxable estate had existed does not change the result in the face of the statutory language. Where the transferor, as here, left no taxable estate and no taxes were paid or credits allowed, the decedent's estate may not receive a credit for tax on prior transfers under Section 2013. Cf. Lowndes and Kramer, Federal Estate and Gift Taxes, 2nd Ed. 536, §§ 20.10 et seq.; 4 Mertens Law of Federal Gift and Estate Taxation 759; §§ 31.13 et seq.; Dunn and Keenan, Es-

tate Tax Credits on Prior Transfers, 99 Trusts and Estates 416; Rudick, The Estate Tax Credit on Prior Transfers, 13 Tax L.Rev. 3.

Recovery by the appellee should have been denied and judgment should have been entered for the United States. So that this may be done, the judgment of the district court is reversed and the cause is remanded.

Reversed and remanded.