UNITED STATES of America,
Plaintiff–Appellee,

v.

Reynaldo RODRIGUEZ–RODRIGUEZ,
Defendant–Appellant.

No. 88–5355

Non–Argument Calendar.

United States Court of Appeals,
Eleventh Circuit.

Jan. 17, 1989.

John H. Lipinski, Sp. Asst. Public Defender, Miami, Fla., for defendant-appellant.

Dexter W. Lehtinen, U.S. Atty., Edward N. Stamm, Harriett R. Galvin, and Linda Collins Hertz, Asst. U.S. Attys., Miami, Fla., for plaintiff-appellee.

Before ANDERSON, CLARK and COX, Circuit Judges.

PER CURIAM:

The defendant in this case appeals his sentence under the minimum mandatory sentencing provisions of the Anti–Drug Abuse Act of 1986. We affirm his sentence.

On October 10, 1987, a United States vessel, SEA VENTURE, was stopped by the United States Coast Guard. Appellant Rodriguez–Rodriguez and four co-defendants were found on board carrying a cargo of well over 1,000 kilograms of marijuana. The appellant plead guilty to possession of the marijuana and his conspiracy count was dismissed. Based on his guilty plea, Rodriguez–Rodriguez was convicted under 46 U.S.C.App. § 1903 which provides that penalties for violations of its provisions are to be assessed under "the Comprehensive Drug Abuse Prevention and Control Act of 1970 (21 U.S.C. § 960)" ("Drug Abuse Act of 1970").

Section 1903, (or "possession statute"), was first enacted in 1980 as 21 U.S.C. § 955a (it was not part of the original Drug Abuse Act of 1970). Section 955a stated that violators of its provisions were to be punished according to § 960 "of this title." At this time, § 960, first enacted in 1970, provided penalties of "not more than five years."

In 1986 the possession statute was recodified as 46 U.S.C.App. § 1903. The recodi-

fied statute stated that penalties were to be assessed under "section 1010 of the Comprehensive Drug Abuse Prevention and Control Act of 1970 (21 U.S.C. 960)." At the same time, § 960 was amended to provide stiffer penalties. Thus, at the time of defendant's sentencing in 1987, the penalties in § 960 had been increased to not less than 10 years (without parole) plus five years special probation by the 1986 statute.

The defendant argues that the current provisions of Title 21 § 960 should not apply in his case because Title 46 § 1903 makes specific reference to section 1010 of the Drug Abuse Act of 1970 and thereby specifically incorporates the 1970 version of the penalty provisions. The government counters by arguing that Congress was making a general reference to the penalty provisions of what has been codified as § 960. Thus, § 960 is generally incorporated into § 1903 and its subsequent amendments are also incorporated. The district court agreed with the government and sentenced Rodriguez–Rodriguez to twelve years imprisonment plus five years special parole.

The portions of Title 21 and Title 46 at issue here are both part of a larger legislative scheme aimed at increasing the penalties for those violating the federal narcotics laws. Indeed, the enhanced penalties (21 U.S.C. § 960) cited in the possession statute recodification (46 U.S.C.App. § 1903) and the possession statute recodification itself were both parts of the Anti–Drug Abuse Act of 1986. Thus, it follows that the reference to 21 U.S.C. § 960 within 46 U.S.C.App. § 1903 is a general reference to the enhanced penalties within Title 21. As a result, the rules of statutory construction indicate that this general reference includes all subsequent amendments to the cited statute. *See Hurwitz v. United States,* 208 F.Supp. 594, 596–97 (S.D.Tex. 1962), *aff'd,* 320 F.2d 911 (5th Cir.1963), *cert. denied,* 376 U.S. 936, 84 S.Ct. 791, 11 L.Ed.2d 658 (1964).

■ In general, a statute of specific reference refers specifically to a particular statute by its title or section number while a general reference statute refers to the law on the subject generally. 2A Sutherland Statutory Construction § 51.07 at page 514 (4th ed.1984). A provision which, in terms, however, reads as a specific reference may, in context, be construed as a general reference. In addition, if the legislature expressly or by strong implication shows an intention to incorporate subsequent amendments, such subsequent amendments are to be considered part of a general scheme. 2A Sutherland Statutory Construction § 51.08 (4th ed.1984).

■ The fact that the two statutes at issue were "reenacted" under a single act, evidences a congressional intent to incorporate subsequent amendments into the penalty provision as part of the enforcement "scheme" of the possession statute. As indicated, § 1903 was created by the Anti–Drug Abuse Act, which also added the minimum mandatory penalties to § 960 (section 1010 of the Drug Abuse Act of 1970). Thus, the question of incorporating *subsequent* amendments need not even be addressed since the minimum mandatory penalties were in place at the time when 21 U.S.C. § 960 was cited in 46 U.S.C.App. § 1903.

Nonetheless, most courts faced with this sort of issue have interpreted similar incorporations to be general and have given effect to subsequent amendments. *E.E.O. C. v. Chrysler Corp.,* 546 F.Supp. 54, 74 (E.D.Mich.1982) *aff'd,* 733 F.2d 1183 (6th Cir.1984).

In *E.E.O.C.,* the district court found certain enforcement provisions of the Fair Labor Act to be generally incorporated into the Age Discrimination and Employment Act. Although Congress specifically named the Fair Labor Act sections, the court held that "this case is one of those where '[t]he surface specificity of the incorporating language [has] dissolved upon close judicial scrutiny.' Here ... the complex interplay of two statutory schemes, one of which is incorporated into the other, warrants the conclusion that this facially specific reference actually operates as a general one." *Id.* at 74 (citation omitted). In addition, by looking at legislative history, the district court found the legislative

intent was to generally incorporate the enforcement provisions of the Fair Labor Act.

The same reasoning applies to this situation. Because Congress "re-enacted" both § 1903 and § 960, as part of a comprehensive scheme to combat drugs, (through the Anti–Drug Abuse Act), Congress meant for § 960, in its present and amended states, to apply to violations of § 1903. Thus, the defendant's sentence is

AFFIRMED.