915 F.2d 1557
 Unpublished Disposition
NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
Luis GONZALEZ, Petitioner, Appellant,
v.
UNITED STATES of America, Respondent, Appellee.
 No. 90-1182.
 United States Court of Appeals, First Circuit.
 Sept. 10, 1990.
 
 Appeal from the United States District Court for the District of Puerto Rico
 Jose Antonio Fuste, District Judge.
 Luis Gonzalez on brief, pro se.
 Daniel F. Lopez-Romo, United States Attorney, and Luis A. Plaza, Assistant U.S. Attorney, on brief, for appellee.
 D.P.R.
 AFFIRMED.
 Before LEVIN H. CAMPBELL, TORRUELLA and CYR, Circuit Judges.
 PER CURIAM.
 
 
 1
 Petitioner challenges the special parole term he received after the sentencing court amended petitioner's sentence. He also contends that he should be eligible for regular parole. We review the background.
 
 
 2
 A one count indictment charging that on September 24, 1987 petitioner and eight other defendants had possessed, on board a vessel subject to the jurisdiction of the United States, with intent to distribute, 5,818 kilograms of marihuana in violation of 18 U.S.C. Sec. 2 and 46 U.S.C.App. Secs. 1903(a), 1903(c)(1)(C), 1903(f) was returned in late September 1987. Petitioner and his eight co-defendants were all convicted after a jury trial. Petitioner's sentence, as originally imposed, called for 10 years imprisonment and five years supervised release.
 
 
 3
 Thereafter, a motion to amend sentence was filed by seven of the nine co-defendants, but apparently not by petitioner, as his name does not appear in the caption of the court's September 6, 1989 opinion addressing the motion. The seven co-defendants apparently (their motion has not been included in the record on appeal) contended that the 1986 amendments to 21 U.S.C. Secs. 960, 962 (the statutes under which they had been sentenced) did not take effect until November 1, 1987; that, as their offenses had been committed on September 24, 1987, the pre-1986 version of Secs. 960, 962 applied; that, unlike the 1986 amendments, the pre-1986 version did not call for supervised release or deny parole eligibility; and that, consequently, their supervised release terms should be vacated and they should be parole eligible. The district court agreed in part with defendants. It ruled that the 1986 amendments which provided for supervised release and denied parole eligibility did not take effect until November 1, 1987 and that consequently the prior versions applied to defendants. The prior versions, however, called for special parole. The court, in an opinion dated September 6, 1989, therefore replaced the supervised release terms with special parole terms and ruled that defendants would be parole eligible.
 
 
 4
 Thereafter, petitioner filed a Sec. 2255 petition which apparently (only the first page and not the statement of issues section of petitioner's Sec. 2255 petition has been included in the record) presented the same arguments as had his co-defendants. In response, the court ruled that the supervised release provisions of the 1986 amendments did not become effective until November 1, 1987 and hence vacated petitioner's five year term of supervised release, but replaced it with a five year special parole term, the type of post-conviction monitoring required by the pre-1986 amendment version of 21 U.S.C. Sec. 960(b)(2). With respect to parole eligibility, the court noted that, in response to co-defendants' motion, the court had ruled that the 1986 amendments to Sec. 960(b)(2) eliminating parole eligibility were not meant to go into effect until November 1, 1987 and hence did not apply to co-defendants. The court concluded, however, that it had erred in so ruling, that the no-parole provisions were effective immediately upon enactment of the 1986 amendments (October 27, 1986), and that hence they applied to petitioner. Petitioner has appealed from this opinion and the amended judgment issued pursuant thereto.[1]
 
 1. Parole Eligibility
 
 5
 Section 1903(g) of title 46 is the relevant sentencing statute. It provided, at the time petitioner possessed the marihuana in question (September 24, 1987), as follows:
 
 
 6
 (1) Any person who commits an offense defined in this section shall be punished in accordance with the penalties set forth in section 1010 of the Comprehensive Crime Control Act of 1970 (21 U.S.C. Sec. 960).
 
 
 7
 Section 960, in turn, read, as of September 1987, as follows:
 
 
 8
 (b) Penalties
 
 
 9
 (1) In the case of a violation of subsection (a) of this section involving--
 
 
 10
 .............................................................
 
 
 11
 ...................
 
 
 12
 * * *
 
 
 13
 (G) 1000 kilograms or more of a mixture or substance containing a detectable amount of marihuana;
 
 
 14
 the person committing such violation shall be sentenced to a term of imprisonment of not less than 10 years and not more than life.... No person sentenced under this paragraph shall be eligible for parole during the term of imprisonment imposed therein.
 
 
 15
 Pub.L. No. 91-513, title III, Sec. 1010, 84 Stat. 1290 (1970), as amended by Pub.L. No. 98-473, title II, Sec. 504, 98 Stat. 2070 (1984) and Pub.L. No. 99-570, title I, Secs. 1302, 1866(e), 100 Stat. 3207-15, 3207-55 (1986). The no parole provision was effective upon enactment of the 1986 amendments (October 27, 1986). Thus, Sec. 960(b)(1)(G) prohibited parole. See, e.g., United States v. Figueroa, 898 F.2d 825, 828 n. 4 (1st Cir.1990) (no parole provision applicable to August 1987 offense); United States v. Cook, 859 F.2d 777 (9th Cir.1988) (defendant sentenced pursuant to 21 U.S.C. Sec. 960(b)(2) for April 7, 1987 offense not entitled to probation or parole); United States v. Posner, 865 F.2d 654 (5th Cir.1989) (no parole provision of 1986 amendments applied to February 1987 offense).
 
 
 16
 Petitioner argues, however, that even if Sec. 960(b)(1)(G) as amended through 1986 prohibited parole, it is not clear that 46 U.S.C. Sec. 1903(g) incorporated the post-1986 amendment version of Sec. 960(b), as Sec. 1903(g) refers to the 1970 act. Contending that Sec. 1903(g) is ambiguous and invoking the rule of lenity, petitioner argues that he should be parole eligible.
 
 
 17
 We see no ambiguity. We agree with United States v. Rodriguez-Rodriguez, 863 F.2d 830 (11th Cir.1989) which traced the legislative history of 46 U.S.C.App. Sec. 1903 and 21 U.S.C. Sec. 960 and concluded that Sec. 1903(g) incorporated the 1986 amendments to Sec. 960. As the Eleventh Circuit explained,
 
 
 18
 Because Congress "re-enacted" both Sec. 1903 and Sec. 960, as part of a comprehensive scheme to combat drugs, (through the Anti-Drug Abuse Act [of 1986], Congress meant for Sec. 960, in its present and amended states, to apply to violations of Sec. 1903.
 
 
 19
 Id., at 832. Hence, petitioner is not eligible for parole.
 
 2. Special parole v. supervised release
 
 20
 In United States v. Ferryman, 897 F.2d 584 (1st Cir.1990) and United States v. Ocasio, 898 F.2d 825 (1st Cir.1990), we traced at length the 1984 and 1986 amendments to the Comprehensive Drug Abuse Prevention and Control Act of 1970. We did so in the context of determining what type of post-confinement monitoring a person sentenced pursuant to 21 U.S.C. Sec. 841(b) for an offense committed between October 27, 1986 and November 1, 1987 should receive. What we said in those cases applies equally to 21 U.S.C. Sec. 960(b)(1) and (2) whose penalty provisions and legislative history parallel, in material part, Sec. 841(b)'s. Consequently, we do not here repeat that lengthy discussion or map out Sec. 960(b)(1) and (2)'s legislative history, but rather simply reiterate the conclusion. We concluded, in effect, in Ferryman and Ocasio that if, under the post-1984 amendment version of the relevant sentencing provision, the offender would have been subject to a special parole term, then Sec. 1004 of the Anti-Drug Abuse Act of 1986, Pub.L. No. 99-570, title I, Sec. 1004, 100 Stat. Sec. 3207-6 (1986) "sufficed to delay the effective date of supervised release and thereby preserved the pre-existing special parole requirements." Ferryman, 897 F.2d at 589. If instead, however, the offender would not have been subject to a special parole term under the post-1984 amendment version, then the 1986 amendments providing for supervised release were intended to be effective immediately upon passage on October 27, 1986. Ocasio, 898 F.2d at 827-28. In that case, the appropriate post-confinement modality would be supervised release.
 
 
 21
 We apply the same methodology to the present case.
 
 
 22
 The post-1984, pre-1986 amendment version of Sec. 960(b) read, in material part, as follows:
 
 
 23
 (b) Penalties
 
 
 24
 (1) In the case of a violation under subsection (a) of this section involving--
 
 
 25
 (A) 100 grams or more of a mixture or substance containing a detectable amount of a narcotic drug in schedule I or II other than a narcotic drug consisting of--
 
 
 26
 (i) coca leaves;
 
 
 27
 (ii) a compound, manufacture, salt, derivative, or preparation of coca leaves; or
 
 
 28
 (iii) a substance chemically identical thereto;
 
 
 29
 (B) a kilogram or more of any other narcotic drug in schedule I or II;
 
 
 30
 (C) 500 grams or more of phencyclidine (PCP);
 
 
 31
 (D) 5 grams or more of lysergic acid diethylamide (LSD);
 
 
 32
 the person committing such violation shall be imprisoned for not more than twenty years, or fined not more than $250,000, or both.
 
 
 33
 (2) In the case of a violation under subsection (a) of this section with respect to a controlled substance in schedule I or II, the person committing such violation shall, except as provided in paragraphs (1) and (3), be imprisoned not more than fifteen years, or fined not more than $125,000, or both. If a sentence under this paragraph provides for imprisonment, the sentence shall include a special parole term of not less than three years in addition to such term of imprisonment.
 
 
 34
 The offense of which petitioner was convicted involved possession of 5,818 kilograms of marihuana, a non-narcotic schedule I substance, see 21 U.S.C. Sec. 812(c), Schedule I(c)(10); 21 U.S.C. Sec. 802(16) and (17) (defining marihuana and narcotic drug), falling within the terms of Sec. 960(b)(2). The 1984 version therefore would have mandated post-confinement monitoring in the form of special parole. Under the reasoning of Ferryman, special parole continued to be the appropriate post-confinement monitoring modality for offenders, like petitioner, whose acts were committed after October 27, 1986 (the effective date of the 1986 amendments) but prior to November 1, 1987. Consequently, the district court was correct in refusing to eliminate all post-confinement monitoring and in changing the supervised release term to a special parole term.
 
 
 35
 We note that the Supreme Court has recently granted certiorari on the question whether the mandatory minimum terms of supervised released required by the Anti-Drug Abuse Act of 1986 became effective for offenses committed on or after the date of enactment, October 27, 1986. Gozlon-Peretz v. United States, 58 U.S.L.W. 3800 (No. 89-7370) (U.S. June 18, 1990). Consequently, our decision here is without prejudice to petitioner's filing a new Sec. 2255 petition in the district court after the Supreme Court decides Gozlon-Peretz seeking the benefit of that decision should it be favorable to petitioner.
 
 
 36
 Affirmed.
 
 
 
 [1]
 Several months later (April 17, 1990), according to a document petitioner has included in his appendix, four of petitioner's co-defendants asked the court to issue a directive to the Bureau of Prisons stating that co-defendants were parole eligible. The court acknowledged that it had ruled in its September 6, 1989 opinion and order that defendants were parole eligible, but had since concluded that said ruling was in error. The court then stated that its prior (September 6, 1989) ruling was without effect and that the four named co-defendants were not eligible for parole. Hence, the no-parole ruling apparently is not unique to petitioner