[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-12011
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 5, 2011
JOHN LEY
CLERK

D.C. Docket No. 9:09-cr-80105-KLR-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

CHARLES THOMAS O'NEIL,
a.k.a. Charles T. O'Neil,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(August 5, 2011)

Before EDMONDSON, WILSON, and ANDERSON, Circuit Judges.

PER CURIAM:

Charles O'Neil appeals his 262-month sentence for possession with intent to distribute five kilograms or more of cocaine on board a vessel of the United States, in violation of 46 U.S.C. § 70503(a)(1), (2). No reversible error has been shown; we affirm.

On appeal, O'Neil argues that the 21 U.S.C. § 851 sentencing enhancement -- which increased his statutory mandatory minimum sentence from 10 to 20 years' imprisonment -- did not apply to his section 70503 conviction. We review issues of statutory interpretation de novo. United States v. Mazarky, 499 F.3d 1246, 1248 (11th Cir. 2007).

The penalty provision for O'Neil's section 70503 conviction -- 46 U.S.C. § 70506 -- states that a defendant convicted of a section 70503 offense shall be punished as provided in 21 U.S.C. § 960[1]; but if the section 70503 offense is a second offense, as provided in 21 U.S.C. § 962(b), defendant shall be punished according to the enhanced penalties in section 962. That O'Neil had a prior felony drug conviction and that his instant conviction qualified as a "second or subsequent" felony drug offense under section 962(b) is undisputed. Section 962

---

[1]Section 960 says that a person who possesses on board a vessel five kilograms or more of cocaine "shall be sentenced to a term of imprisonment of not less than 10 years and not more than life." 21 U.S.C. § 960(a), (b)(1). But if such a violation comes after the person earlier had been convicted of a felony drug offense, then the person "shall be sentenced to a term of imprisonment of not less than 20 years and not more than life imprisonment." 21 U.S.C. § 960(b)(1).

makes clear that "[s]ection 851 . . . shall apply . . . to any proceeding to sentence a person under this section." 21 U.S.C. § 962. Thus, the plain language of section 70506 (which directed that O'Neil be sentenced according to section 962) and section 962 shows that the section 851 enhancement did apply to O'Neil's section 70503 conviction.

O'Neil argues that the plain language of section 962 indicates that it applies only to an offense "under this subchapter"; and because he was not convicted under a subchapter of section 962, the section 851 enhancement did not apply to him. But because the instant drug offense was a second offense, section 70506 directed that O'Neil be sentenced under section 962. And Congress also intended for the penalty provisions of section 960 to apply to violations of former 46 U.S.C. § 1903, which is now codified at section 70503. See United States v. Rodriguez-Rodriguez, 863 F.2d 830, 830-31 (11th Cir. 1989) (explaining that Title 21 and Title 46 "are both part of a larger legislative scheme aimed at increasing the penalties for those violating the federal narcotics laws," namely, the Anti-Drug Abuse Act of 1986). O'Neil faced increased penalties for his second drug offense pursuant to section 851.

O'Neil also argues that the government did not prove the drug quantity beyond a reasonable doubt, in violation of Apprendi v. New Jersey, 120 S.Ct.

2348 (2000). He requested to have all of the alleged cocaine recovered by the government -- 242 bricks -- tested. But the government informed O'Neil that all but 10 of the bricks had been destroyed after 27 kilograms had been analyzed and tested positive for cocaine. O'Neil contends that the government failed to prove that he possessed over 150 kilograms (the amount used to determine his base offense level under U.S.S.G. § 2D1.1(c)(1)), in violation of Apprendi and, thus, that the district court erred in applying a base offense level of 38.

We review the district court's legal conclusions de novo. United States v. Revolorio-Ramo, 468 F.3d 771, 774 (11th Cir. 2006). We review for clear error the court's determination of the drug quantity used to establish a base offense level for sentencing purposes. United States v. Simpson, 228 F.3d 1294, 1298 (11th Cir. 2000). The government bears the burden of establishing a disputed drug amount by a preponderance of the evidence. United States v. Rodriguez, 398 F.3d 1291, 1296 (11th Cir. 2005).

Because the government bore only a preponderance of the evidence burden of proving drug quantity for sentencing purposes, O'Neil's argument that the government had to prove the quantity beyond a reasonable doubt pursuant to Apprendi is misplaced. See id. And no Apprendi error exists in this case because the government, with the 10 kilograms of retained cocaine, proved that O'Neil

4

possessed more than 5 kilograms of cocaine as charged in the indictment, and because O'Neil's sentence fell below the statutory maximum of life imprisonment. See United States v. Underwood, 446 F.3d 1340, 1345 (11th Cir. 2006) (explaining that "an Apprendi constitutional error occurs only where a defendant is sentenced beyond the statutory maximum for the offense").

And the district court committed no clear error in applying a base offense level of 38. O'Neil admitted that (1) he was operating the vessel as its only occupant, (2) nine open duffle bags containing kilogram-size packages of a substance that field tested positive for cocaine were onboard the vessel, (3) the packages were wrapped in cellophane, which was consistent with illegal drug operations, and (4) O'Neil told officers that smuggling was his "long-term retirement program." Moreover, O'Neil does not dispute that the 27 tested bricks contained cocaine. Given these facts and given that the presentence investigation report stated that 238 kilograms of cocaine were onboard O'Neil's vessel, the district court did not clearly err in determining that O'Neil possessed at least 150 kilograms of cocaine.[2]

_____

[2]To the extent that O'Neil argues that his due process rights were violated by the destruction of the rest of the cocaine, his argument is unavailing. O'Neil failed to demonstrate that the destroyed cocaine would have had exculpatory value that was apparent before the cocaine was destroyed, given that the remaining 10 kilograms were enough to prove that he possessed 5 or more kilograms of cocaine as charged in the indictment. See Revolorio-Ramo, 468 F.3d at 774 (to show that the loss of evidence by the government constitutes a denial of due

Because O'Neil has not shown that the district court committed sentencing error, we affirm.

AFFIRMED.

---

process, "defendant must show that the evidence was likely to significantly contribute to his defense"). In addition, nothing indicates that the government's destruction was done in bad faith. See id.