UNITED STATES of America,
Plaintiff-Appellee,

v.

Roger Lee PALMER,
Defendant-Appellant.

No. 82–1019.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Sept. 14, 1982.

Decided Nov. 5, 1982.

Suzanne E. Graber, Greenbrea, Cal., for defendant-appellant.

Joseph M. Burton, Asst. U.S. Atty., San Francisco, Cal., for plaintiff-appellee.

Before KILKENNY and POOLE, Circuit Judges, and WILLIAMS *, Senior District Judge.

DAVID W. WILLIAMS, Senior District Judge.

Dr. Roger Lee Palmer was convicted of obtaining cocaine by misrepresentation in violation of 21 U.S.C. § 843(a)(3). Palmer has a small dental practice in the rural town of Lakeport, California, population 4,100. As a practicing dentist, he was registered with the Drug Enforcement Administration [DEA] to purchase Schedule II narcotic controlled substances, including cocaine.

At the trial, the government produced evidence that between January 1977 and April 1980 Palmer purchased such large quantities of cocaine, ostensibly for use in his practice, as to evoke the suspicion that he was diverting large amounts of it to non-dental uses. A DEA investigator who searched Palmer's patient records pursuant to a warrant found only six references to cocaine use in the course of patient treatment.

The government called Dr. Michael Barkin, an eminent San Francisco dentist and professor, who calculated that to use 10 ounces of cocaine at its toxic limit, a dentist would have to see 1,500 patients; using it at its common dosage, a dentist would have to make 30,000 patient applications.

Peter J. Cecchin testified that he met Dr. Palmer in 1978 and that he and Palmer used cocaine in the latter's office and elsewhere almost daily. The drug was furnished by Palmer from bottles similar to those which he could receive as a DEA registrant.

Appellant took the stand to testify in his own defense. On direct examination, he held to the claim that all the cocaine he had ordered was used in his practice. No inquiry was made of him whether he had used any personally. On cross-examination, after a bench conference, the prosecutor was permitted to ask Palmer whether he had diverted any of the drug to his personal use. When Palmer denied the diversion, the government was permitted to confront him with an illegally seized cocaine snorting tube which had been found in his saddle bag.

Appellant now urges that the government should not have been allowed to cross-examine him concerning his personal usage or introduce tainted evidence (the snorting tube) to impeach that testimony.

The government's cross-examination into Palmer's personal use of cocaine was proper if, in the trial court's discretion, such questions were "reasonably related to the issues he [put] in dispute by his testimony on direct." *United States v. Miranda-Uriate,* 649 F.2d 1345, 1353 (9th Cir. 1981). When appellant testified on direct that he used the large amount of cocaine he ordered as a topical anesthetic, he implied that he used none of the drug personally. Hence, the trial court's decision to allow the government to inquire into Palmer's usage of cocaine was clearly not an abuse of discretion.

In addition, once Palmer denied any personal cocaine use, he could be impeached by the tainted snorting tube. In *United States v. Havens,* 446 U.S. 620, 100 S.Ct. 1912, 64 L.Ed.2d 559 (1980), the Court stated:

> We ... hold that a defendant's statements made in response to proper cross-examination reasonably suggested by the defendant's direct examination are subject to otherwise proper impeachment by the government, albeit by evidence that has been illegally obtained [and] that is inadmissible on the government's direct case, or otherwise, as substantive evidence of guilt.

446 U.S. at 627–28, 100 S.Ct. at 1917.

We therefore hold that the trial court properly admitted the tainted evidence to

---

* The Honorable David W. Williams, Senior United States District Judge for the Central District of California, sitting by designation.

impeach Dr. Palmer's cross-examination testimony.

 Appellant next asserts that he was denied a fair trial because the District Court did not hold a hearing on the trustworthiness of the tainted evidence before admitting it. Such a hearing, appellant argues, was necessary for him to decide whether to take the stand in his own defense.

The record shows that defendant's counsel was put on advance notice that the prosecution would seek to impeach the defendant's testimony with the snorting tube and never requested a trustworthiness hearing. While commentators have recommended such hearings with respect to involuntary statements used to impeach a defendant, *see, e.g.,* 3 Weinstein's Evidence ¶ 607(9) at 607–90 (1978), we can find no authority stating that a court is constitutionally required to hold such a hearing on its own motion for physical evidence.

Appellant further asserts that the trial court erred in not giving the jury a limiting instruction regarding the impeachment purposes of the snorting tube. Again, defendant's counsel failed to request such an instruction and the trial court had no affirmative obligation to give one *sua sponte. United States v. McLennan,* 563 F.2d 943, 948 (9th Cir. 1977). Moreover, a failure to give a *sua sponte* limiting instruction is generally not reversible error. *United States v. Sangrey,* 586 F.2d 1312, 1314–15 (9th Cir. 1978).

Finally, appellant argues that prosecution testimony regarding California's drug recordkeeping requirements and the defendant's lack of compliance therewith was inadmissible because it was more prejudicial than probative. The trial court has wide discretion in determining the relevancy and prejudicial effect of evidence, and its decision will not be overturned absent an abuse of discretion. *United States v. Wright,* 667 F.2d 793, 800 (9th Cir. 1982). Dr. Palmer's failure to keep proper records was relevant to the government's charge that he used the drugs for personal consumption. Any prejudice resulting from this implication that Dr. Palmer violated state regulations was minimal and did not amount to an abuse of discretion.

AFFIRMED.