PUBLISH

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
01/18/2000
THOMAS K. KAHN
CLERK

No. 98-3285

D.C. Docket No. 98-28-CR-FTM-17D

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

FRANK ANDERSON,

Defendant-Appellant.

Appeal from the United States District Court
for the Middle District of Florida

**(January 18, 2000)**

Before TJOFLAT, CARNES and GARWOOD*, Circuit Judges.

---

*Honorable William L. Garwood, U.S. Circuit Judge for the Fifth Circuit, sitting by designation.

PER CURIAM:

Defendant-appellant Frank Anderson (Anderson), convicted pursuant to his guilty plea, was sentenced to sixty months' imprisonment and ninety-six months' supervised release. Anderson appeals his sentence. We affirm.

**Facts and Proceedings Below**

On March 13, 1998, law enforcement officers observed Anderson conduct a crack cocaine transaction in a field within 1000 feet of Franklin Park Elementary School, a public school located in Fort Myers, Florida. The officers arrested Anderson and seized crack cocaine weighing 5.72 grams.

On March 19, 1998, Anderson was charged in a one-count indictment that alleged possession with intent to distribute crack cocaine within 1000 feet of a public elementary school in violation of 21 U.S.C. §§ 841(a)(1) and 860. On May 5, 1998, Anderson pleaded guilty to count one of the indictment before the United States District Court for the Middle District of Florida, Fort Myers Division.[1] The United

---

[1] The indictment reads as follows:

"The Grand Jury charges that:

COUNT ONE

On or about March 13, 1998, at Fort Myers, in Lee County, in the Middle District of Florida,

2

States Probation Department provided a presentencing investigation report,

recommending an offense level of twenty-five and a criminal history category of I,

resulting in a putative range of 57-71 months' imprisonment.  Anderson's offense,

however, bore a mandatory minimum sentence of sixty months under 21 U.S.C. §§

841(b)(1)(B) and 860, and the range of imprisonment was revised to 60-71 months.

Anderson objected to the presentencing investigation report's determination that

his conviction bore a mandatory minimum sentence of sixty months.  Anderson

---

FRANK ANDERSON,

defendant herein, did knowingly, willfully, and intentionally possess with intent
to distribute a quantity of a mixture or substance containing a detectable
amount of cocaine base, crack cocaine, a Schedule II Drug Controlled
Substance, in violation of Title 21, United States Code, Section 841(a)(1),
within 1,000 feet of the real property comprising Franklin Park Elementary
School, a public elementary school.
    All in violation of Title 21, United States Code, Sections 841(a)(1) and
860 and Title 18, United States Code, Section 2."
    After its count one, the indictment contains a separate
section entitled "FORFEITURE" which seeks to have property of the defendant
forfeited to the United States under 21 U.S.C. § 853(p).  This section of the
indictment commences by stating "[t]hrough the violation of Title 21, United
States Code, Section 841(a)(1), alleged in Count One of this Indictment,
punishable by imprisonment for more than one year, which count is realleged
and incorporated as if more fully set forth herein, the defendant did obtain, use
and intend to use" (thereafter referring to proceeds and property derived from
proceeds of the offense and the property used or intended to be used to commit
or facilitate the offense).

3

argued that, even though section 860 does not itself trigger the application of the "safety valve" provision of U.S.S.G. § 5C1.2, he was also convicted under section 841 and was thus entitled to the "safety valve" which would reduce his offense level by two points and eliminate the sixty months' mandatory minimum sentence, resulting in a putative guideline range of 46-57 months' imprisonment.

The district court rejected Anderson's argument and on August 24, 1998 sentenced him to sixty months' imprisonment and ninety-six months' supervised release. Anderson appeals his sentence. We affirm.

## Discussion

On appeal, Anderson makes essentially the same arguments he presented to the district court. Although acknowledging that the terms of the "safety valve" provision[2]

---

[2] The "safety valve" provision is codified at 18 U.S.C. § 3553(f) and U.S.S.G. § 5C1.2. Section 3553(f) provides:

"(f) Limitation on applicability of statutory minimums in certain cases.–Notwithstanding any other provision of law, in the case of an offense under section 401, 404, or 406 of the Controlled Substances Act (21 U.S.C. 841, 844, 846) or section 1010 or 1013 of the Controlled Substances Import and Export Act (21 U.S.C. 960, 963), the court shall impose a sentence pursuant to guidelines promulgated by the United States Sentencing Commission under section 994 of title 28 without regard to any statutory minimum sentence, if the court finds at sentencing, after the Government has been afforded the opportunity to make a recommendation, that–

(1)    the defendant does not have more than 1 criminal history point, as determined under the sentencing guidelines;

(2)    the defendant did not use violence or credible threats of

4

do not include convictions for violating 21 U.S.C. § 860, Anderson contends that

section 860 is not explicitly excluded from the list and that because count one includes

an allegation of a violation of section 841 and the judgment of conviction refers to the

violence or possess a firearm or other dangerous weapon
(or induce another participant to do so) in connection
with the offense:
(3)   the offense did not result in death or serious bodily injury
to any person;
(4)   the defendant was not an organizer, leader, manager, or
supervisor of others in the offense, as determined under
the sentencing guidelines and was not engaged in a
continuing criminal enterprise, as defined in section 408
of the Controlled Substances Act; and
(5)   not later than the time of the sentencing hearing, the
defendant has truthfully provided to the Government all
information and evidence the defendant has concerning
the offense or offenses that were part of the same course
of conduct or of a common scheme or plan, but the fact
that the defendant has no relevant or useful other
information to provide or that the Government is already
aware of the information shall not preclude a
determination by the court that the defendant has
complied with this requirement."

Guidelines § 5C1.2 provides:
"In the case of an offense under 21 U.S.C. § 841, § 844, § 846, § 960,
or § 963, the court shall impose a sentence in accordance with the
applicable guidelines without regard to any statutory minimum
sentence, if the court finds that the defendant meets the criteria in 18
U.S.C. § 3553(f)(1)-(5) set forth verbatim below [setting out verbatim
the text of subparagraphs (1) through (5) of 18 U.S.C. § 3553(f)]."

5

"Title & Section" of the count one offense as "21 U.S.C. § 841(a)(1) & 860,"[3] his conviction permits the application of the "safety valve" provision. Anderson asserts that he satisfied the five requirements of the "safety valve" provision and that the district court erred by failing to reduce his offense level by two points and by imposing a five-year mandatory minimum sentence. In response, the government argues that Anderson was charged with, pleaded guilty to, and was convicted of violating section 860 and that this conviction precludes the application of the "safety valve" provision to his sentence for violating section 860. We review the district court's interpretation of the relevant sentencing statutes and Sentencing Guidelines *de novo*. *See United States v. Saavedra*, 148 F.3d 1311, 1313 (11th Cir. 1998).

21 U.S.C. § 841(a)(1) provides in pertinent part:

"[I]t shall be unlawful for any person knowingly or intentionally—
(1) to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance . . .."

Anderson was convicted of violating 21 U.S.C. § 860, the schoolyard statute, which provides, in pertinent part:

"Any person who violates section 841(a)(1) or section 856 of this title by distributing . . . a controlled substance in or on, or within one thousand feet of, the real property comprising a . . . school . . . is (except as

---

[3]The judgment also refers to, and only to, "count one," it describes the "Nature of Offense" as "Possession with intent to distribute cocaine base within 1,000 feet of a school" and "Date Offense Concluded" as "3/13/98."

6

provided in subsection (b) of this section) subject to (1) twice the maximum punishment authorized by section 841(b) of this title; and (2) at least twice any term of supervised release authorized by section 841(b) of this title for a first offense. . . . *Except to the extent a greater minimum sentence is otherwise provided by section 841(b) of this title*, a person shall be sentenced under this subsection to a term of imprisonment of not less than one year. . . ." 21 U.S.C. § 860(a) (emphasis added).

This Court has held that section 841(a)(1) is a lesser included offense of section 860. *See United States v. Freyre-Lazaro*, 3 F.3d 1496, 1507 (11th Cir. 1993). We have also held that section 860 "is a substantive criminal statute, not a mere sentence enhancer for section 841(a)," *Saavedra* at 1316, that the applicable guideline for section 860 is section 2D1.2, and that "§ 2D1.2 is a substantive offense guideline section applicable to criminal violations of 21 U.S.C. § 860, rather than a mere sentence enhancer for certain classes of drug offenses under section 841(a)." *Id*. Section 2D1.1, the guideline applicable to section 841(a) violations, provides that when the offense level is 26 or above and the defendant meets the five safety valve criteria of section 5C1.2(1)-(5), the offense level is to be decreased by two levels. Section 2D1.2, the guideline applicable to section 860 offenses, has no comparable provision. We, however, have not expressly addressed the issue presented in this appeal: whether a defendant convicted of an offense under section 860 (which necessarily includes a violation of either section 841(a) or section 856) is eligible for the "safety valve" provision in U.S.S.G. § 5C1.2. The Third Circuit has considered

7

the issue and has held that the "safety valve" provision does not apply to a conviction for violating section 860 even though the section 860 violation was predicated on and necessarily included a section 841(a) violation. *United States v. McQuilkin*, 78 F.3d 105, 108 (3d Cir. 1996).[4]  We agree and affirm Anderson's sentence.

Anderson seizes on the language of the forfeiture count in his indictment (see note 2, *supra*) which, he claims, describes count one as charging only a violation of 21 U.S.C. § 841(a)(1).  We disagree.  Admittedly, the forfeiture count does refer to a section 841(a)(1) offense being alleged in count one; however, that does not change the fact that count one charges Anderson with violating section 860.  As noted, to state a section 860 violation requires that a section 841(a)(1)–or section 856–violation be stated. The forfeiture claim merely references the section 841(a)(1) violation as the predicate for the forfeiture.  In any event, the forfeiture count does not amend count one, and Anderson makes no complaint respecting any forfeiture order.  Similarly, Anderson's reliance on the terms of the plea agreement is misplaced; the plea agreement does not make any reference to the section 8553(f) "safety valve" provision (though it does refer to the distinctly different provision of section 8553(e)).  In fact,

---

[4]  The Fourth Circuit has reached the same conclusion as the Third Circuit, although not by published opinion. *United States v. Stradwick* (4th Cir. Oct. 27, 1999) (*per curiam*).

count one of the indictment,[5] the plea agreement, the sentencing hearing transcript, and the judgment of conviction (see note 4 *supra* and accompanying text) all explicitly refer to Anderson having violated section 860.[6]  We, therefore, conclude that Anderson was charged with, pleaded guilty to, and was convicted of violating section 860.

As Anderson concedes, by its terms, the "safety valve" provision applies only to convictions under five specified offenses: 21 U.S.C § 841, § 844, § 846, § 960, and § 963.  U.S.S.G. § 5C1.2.  The selection of these five statutes reflects an intent to

_____

[5]  As admitted by the government at oral argument, count one of the indictment is not a masterpiece in the art of drafting criminal indictments.  Any imprecision results, at least in some part, from the text of section 860, which contains a violation of section 841(a)(1) (or section 856) as a necessary element of a section 860 offense.  Therefore, it is impossible to draft a section 860 charge without including a section 841(a)(1) (or section 856) violation.  The second time "841(a)(1)" appears in count one (in the last sentence of the count) it should doubtless have been omitted, but the failure to omit it was clearly not harmful error here.  See Fed. R. Crim. Proc. 7(c)(3).

[6]  With respect to the reference to section 841(a)(1) in the judgment of conviction, Anderson does not argue that it is impermissible for him to be convicted for both offenses, nor does he assert that the district court imposed two punishments, one for his section 841(a)(1) violation and one for his section 860 violation.  It is clear that only a single act is charged.  Anderson disclaims any contention that any misunderstanding on his part of whether the "safety valve" provision applies to his conviction and sentence for his section 860 violation renders his plea of guilty subject to attack.  Nor does Anderson seek a correction (or alteration) of the judgment to eliminate its noted reference to § 841(a)(1) or a remand for that purpose.  Cf. Fed. R. Crim. Proc. 36 (correction of clerical error).

9

exclude others, including 21 U.S.C. § 860. *See United States v. Koonce*, 991 F.2d 693, 698 (11th Cir. 1993) (recognizing the canon of statutory construction that the inclusion of one implies the exclusion of others: *inclusio unius est exclusio alterius*). Accordingly, a defendant convicted and sentenced for violating section 860 is not eligible for the "safety valve." *See McQuilkin*, 78 F.3d at 78. Anderson was convicted of and sentenced for violating section 860, and therefore was ineligible for the "safety valve" provision.

Except for the district court's refusal to apply the "safety valve" provision, Anderson presents no complaints regarding his conviction and sentence. Neither do we discern any error. Section 860(a) incorporates the mandatory minimum sentence penalties provided in section 841(b). *See* 21 U.S.C. § 860(a) ("Except to the extent a greater minimum sentence is otherwise provided by section 841(b) of this title, a person shall be sentenced under this subsection to a term of imprisonment of not less than one year."). Anderson was attributed with 5.72 grams of cocaine base, an amount under section 841(b)(1)(B) that requires "a term of imprisonment which may not be less than 5 years." 21 U.S.C. § 841(b)(1)(B). Anderson's sentence of sixty months' imprisonment satisfies section 841(b)(1)(B)'s mandatory minimum requirement (as incorporated under section 860(a)) of five years' imprisonment. The district court did not err in calculating Anderson's sentence.

## Conclusion

Because Anderson's conviction under 21 U.S.C. § 860 renders him ineligible for the application of the "safety valve" provision, we affirm his sentence.

AFFIRMED.