[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
April 18, 2006
THOMAS K. KAHN
CLERK

No. 05-14052
Non-Argument Calendar

_____

D. C. Docket No. 05-80029-CR-JIC

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LARONN HOUSTON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(April 18, 2006)**

Before MARCUS, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

Laronn Houston appeals his five-year sentence on his plea of guilty to

charges of using a computer to attempt to persuade, induce, and entice a minor to engage in sexual activity. See 18 U.S.C. § 2422(b). Houston argues that the district court should have applied the "safety valve" to sentence Houston below the statutory minimum and that his five-year sentence was not reasonable. We affirm.

Houston used an America Online chat room to contact the "mother" of a "14 year old girl" to attempt to set up a meeting with the girl to engage in sexual activity with her. The "mother" and the "14 year old girl" were undercover police officers. When Houston arrived at the rendezvous he arranged with the "mother," he was arrested. Houston pleaded guilty to using a computer to attempt to persuade, induce, and entice a minor to engage in sexual activity. 18 U.S.C. § 2422(b).

The pre-sentence investigation report calculated Houston's offense level at 20 with a recommended sentence of imprisonment of 33 to 41 months, but section 2422(b), imposed a mandatory minimum sentence of imprisonment of five years. Houston argued that the court should apply the "safety valve" to sentence him below the statutory minimum, U.S.S.G. § 5C1.2(a), and an offense level reduction for meeting the five criteria for sentencing below the statutory minimum, U.S.S.G. § 2D1.1(b)(6). The district court overruled Houston's objections and sentenced him to the statutory minimum of five years of imprisonment.

2

We review interpretations of the sentencing guidelines de novo. United States v. Davis, 329 F.3d 1250, 1252 (11th Cir. 2003). Houston's argument that he satisfied all five requirements of the "safety valve" provision of the Sentencing Guidelines fails. 18 U.S.C. § 3553(f); U.S.S.G. § 5C1.2(a). The "safety valve" applies to sentences imposed for crimes committed under five enumerated provisions of Title 21 of the U.S. Code. The selection of these five provisions by Congress reflects its intent to exclude all other crimes from this "safety valve." United States v. Anderson, 200 F.3d 1344, 1348 (11th Cir. 2000). Because Houston was not convicted under any of the five enumerated provisions, the "safety valve" does not apply.

Houston also erroneously argues that he should have received a two-level offense reduction, under section 2D1.1(b)(6), and that the failure to apply the two-level reduction renders his sentence unreasonable under United States v. Booker, 543 U.S. 220, 125 S. Ct. 738 (2005). Houston's argument fails for two reasons. First, section 2D1.1(b)(6) applies only to drug offenses. Second, Booker did not affect statutory minimums. United States v. Shelton, 400 F.3d 1325, 1333 n.10 (11th Cir. 2005).

Houston's sentence is

**AFFIRMED.**