**UNITED STATES of America, Plaintiff—Appellee,**

**v.**

**Bryan James EPIS, Defendant—Appellant.**

**Nos. 02–10523, 07–10462.**

United States Court of Appeals, Ninth Circuit.

Submitted March 23, 2009.*

Filed Aug. 11, 2009.

1. We decline to consider the uncertified issue raised by the Petitioner.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Samuel Wong, Esquire, USSAC–Office of the U.S. Attorney, Sacramento, CA, for Plaintiff–Appellee.

Brenda Grantland, Esquire, Law Offices of Brenda A. Grantland, Mill Valley, CA, for Defendant–Appellant.

Before: HAWKINS, RAWLINSON and BYBEE, Circuit Judges.

ORDER

The Memorandum disposition filed on April 8, 2009, 324 Fed.Appx. 560, is amended per the Amended Memorandum filed concurrently with this Order.

The panel has voted to deny Appellant's Petition for Rehearing and/or Rehearing En Banc.

The full court has been advised of the petition for rehearing en banc, and no judge requested a vote on whether to rehear the matter en banc. Fed. R.App. P. 35.

The petition for rehearing and the petition for rehearing en banc are DENIED.

No further petitions for rehearing or rehearing en banc will be accepted.

AMENDED MEMORANDUM **

Bryan Epis ("Epis") was convicted under the Controlled Substances Act ("CSA"), 21 U.S.C. §§ 841(a)(1), 846, 860(a), for conspiracy to manufacture 1,000 marijuana plants within 1,000 feet of a school and for manufacture of 100 marijuana plants within 1,000 feet of a school. He appeals his conviction on several grounds, claiming improper retroactive application to his case of Supreme Court rulings, prosecutorial misconduct during his trial, an erroneous denial of judgment for acquittal, improper cross-examination regarding a prior marijuana cultivation arrest, and a claimed deficiency in the conspiracy count of the indictment allowing the jury to reach a non-unanimous verdict. He also appeals his 120–month mandatory minimum sentence, which he argues resulted from the district court's improper denial of safety-valve relief from the mandatory minimum sentence requirements of 21 U.S.C. § 841(a)(1) and § 860.

Epis's convictions do not impose upon him an ex post facto punishment. Epis claims he believed that federal law prohibiting marijuana cultivation would not override state law permitting it because of limitations on the federal government's powers under the Commerce Clause. However, the plain language of the CSA provides Epis with "fair notice" that his

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

conduct violated federal law, *see United States v. Batchelder,* 442 U.S. 114, 123, 99 S.Ct. 2198, 60 L.Ed.2d 755 (1979), and his conviction did not rely on a judicial construction of the CSA that was "unexpected and indefensible by reference to the law which had been expressed" at the time of the conduct. *Bouie v. City of Columbia,* 378 U.S. 347, 354, 84 S.Ct. 1697, 12 L.Ed.2d 894 (1964) (internal quotation marks omitted). As even the ballot argument in favor of California's medical marijuana initiative clearly acknowledged, "a state initiative cannot overrule [federal] laws." This is particularly obvious in the case of a marijuana growing operation of this scope, which could have affected interstate commerce.

Relying on *United States v. Aguilar,* 883 F.2d 662, 692–93 (9th Cir.1989), Epis also argues that he thought he would be entitled to a medical "necessity" defense even though the text of the CSA clearly prohibits the manufacture of marijuana and contains no exception for medical necessity. At the time Epis manufactured marijuana, no federal court had recognized a medical necessity defense in a marijuana manufacturing case and there was no firm basis to expect that they would. Although the Ninth Circuit later recognized a medical necessity defense in *United States v. Oakland Cannabis Buyers' Cooperative* ("*OCBC*"), 190 F.3d 1109, 1114 (9th Cir.1999), Epis could not have relied on that ruling *at the time* he violated the CSA because his illegal activities preceded that decision. There is also reason to doubt that the medical necessity defense would even apply to growing operations that, like Epis's, extended beyond the growers' personal use, but we need not even decide that question because the Supreme Court has overruled *OCBC. United States v. Oakland Cannabis Buyers' Cooperative,* 532 U.S. 483, 121 S.Ct. 1711, 149 L.Ed.2d 722 (2001). The introduction and subsequent elimination of a new defense after an individual has violated the law does not render the CSA an ex post facto law or implicate due process concerns.

Epis has not introduced adequate evidence to support his contention that the prosecutor solicited or knowingly allowed to go uncorrected any false testimony. *See United States v. Bagley,* 473 U.S. 667, 680 n. 8, 105 S.Ct. 3375, 87 L.Ed.2d 481 (1985) (citing *Napue v. Illinois,* 360 U.S. 264, 79 S.Ct. 1173, 3 L.Ed.2d 1217 (1959)). Epis claims the prosecutor allowed two federal agents to testify falsely that Exhibit 27, a spreadsheet found in Epis's home, related to the growing operation that took place there, rather than to a separate proposal relating to Epis's quickly abandoned plan to grow or distribute marijuana in Silicon Valley.[1] Epis testified at trial that Exhibit 27 merely consisted of some thoughts he had on reducing the average price of marijuana, but now contends that, after he testified, he remembered the spreadsheet related to a proposal for the Silicon Valley Cannabis Club, which he had drafted and then abandoned.[2]

The two federal agents testified that they believed Exhibit 27 pertained to Epis's existing operation because it was

1. The spreadsheet contained columns with dates spanning a nine-month period and data associated with each date. The data included marijuana club membership numbers (increasing from 20 to 100,000) and exponentially increasing quantities of marijuana along with corresponding net profit amounts, which equaled $1.8 million per week by the end of the nine-month span.

2. Epis challenges the district court's decision to exclude the Silicon Valley proposal under Federal Rule of Evidence 403, rather than admitting it under the rule of completion. This was not erroneous, given Epis's trial counsel's abandonment of the position that

found at the location of Epis's marijuana operation and its initial dates and capacity projections corresponded, at least approximately, with the capacity of Epis's operation at the time the law enforcement shut it down. Although they admitted that Epis's projections were "optimistic" and that the plan might have eventually entailed an expansion beyond Epis's home, the agents continued to believe that Exhibit 27 pertained to Epis's existing operation even after hearing both of Epis's alternative explanations of the document. The prosecutor did not commit misconduct by soliciting this reasonable opinion testimony.

■ Epis also challenges the agents' testimony relating to a reinforced door, which they suggested was consistent with an intent to continue the operation for a long duration. Epis chose to testify in his own defense and therefore could have offered his own explanation—that the door was installed as part of a previous marijuana growing operation—for the jury to consider, but he chose not to do so.[3]

■ Epis also claims prosecutorial misconduct because the government destroyed evidence while his case was still being appealed. Absent bad faith or exculpatory value to the accused, however, the destruction of evidence is not a due process violation. *California v. Trombetta,* 467 U.S. 479, 488–489, 104 S.Ct. 2528, 81 L.Ed.2d 413 (1984); *Arizona v. Youngblood,* 488 U.S. 51, 55–59, 109 S.Ct. 333, 102 L.Ed.2d 281 (1988). In this case, Epis had access to all of the evidence during the trial and never asserted a claim that it had been tampered with at that time. The evidence was only mishandled or destroyed after trial, by government employees laboring under the misapprehension that Epis's appeals had concluded and that his conviction was final. Although the destruction of evidence could be a significant issue if Epis were entitled to a new trial on other grounds, the district court did not err by conforming its proceedings to the narrow scope of our remand.

■ The district court also did not err by denying Epis a judgment of acquittal. The government had introduced sufficient evidence for the jury to find that there was a conspiracy and it was intended to continue long enough for 1,000 plants to be grown within 1,000 feet of a school. This evidence included extra equipment and materials related to marijuana manufacturing in Epis's home, additional space in his basement and other areas of his house in which to expand, notes that reflected weekly harvests of 18 plants, and a spreadsheet projecting exponential growth. This evidence, although circumstantial, is sufficient to support the inference that Epis planned to continue the operation long enough that a total of 1,000 plants would be grown in his home. *See United States v. Lennick,* 18 F.3d 814, 820 (9th Cir.1994) ("Circumstantial evidence and inferences drawn from it may be sufficient to sustain a conviction."). Viewing the evidence in the light most favorable to the government and drawing all reasonable inferences in favor of the prosecution, the district court correctly found the evidence sufficient to sustain Epis's convictions on both counts. *See Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *United States v. Lucas,* 963 F.2d 243, 247 (9th Cir.1992).

■ The district court did not abuse its discretion by allowing the prosecution to

the proposal was turned over during discovery.

3. After the district court decided to allow the government to cross-examine Epis for impeachment purposes in relation to the prior growing operation, any reason Epis may have had to avoid proffering his own explanation of the door lost its force.

question Epis about prior criminal activity in order to impeach his credibility. Federal Rule of Evidence 608(b) permits specific instances of prior criminal activity to be subject to cross-examination if probative of the witness's character for truthfulness. Epis placed his credibility at issue when he testified on direct examination that he was motivated to engage in multiple conspiracies to grow marijuana for humanitarian reasons, rather than by his desire for profit. A defendant's statements made in response to proper cross-examination reasonably suggested by the defendant's direct examination *are* subject to proper impeachment by the government even by evidence that would otherwise be inadmissible on the government's direct case. *United States v. Havens,* 446 U.S. 620, 627–28, 100 S.Ct. 1912, 64 L.Ed.2d 559 (1980); *see also United States v. Palmer,* 691 F.2d 921, 922 (9th Cir.1982). Given Epis's testimony on direct, his prior arrest for cultivation of marijuana for sale was relevant and probative of Epis's credibility.

■ Epis failed to object to the indictment or to the jury instructions and has therefore waived his right to raise the potential duplicity of the indictment on appeal, but still has the right to a unanimous jury verdict pursuant to the Sixth Amendment. *See United States v. Savage,* 67 F.3d 1435, 1439 (9th Cir.1995). Epis argues that the language of Count One of the indictment, which charged that he conspired to grow 1,000 plants of marijuana within 1,000 feet of a school,[4] was ambiguous because the jury could have inferred that the phrase "within 1,000 feet of a school" applied to the location of the conspiracy, rather than the location where at least 1,000 marijuana plants were grown (or would have been grown if the conspiracy had been allowed to continue). Epis argues that to prevent a non-unanimous verdict, the jury should have been instructed that they would have to find *both* that there was a conspiracy to grow 1,000 plants, *and* that the 1,000 plants would have be grown within 1,000 feet of a school.

■ Because Epis did not object to the indictment or special verdict form at trial, however, we need only determine whether any ambiguity was plain error that "prejudiced the defendant's substantial rights so as to affect seriously the fairness or integrity of the proceedings." *Id.* at 1439. The ambiguity did not compromise the fairness or integrity of the proceedings, however, because Epis never testified and his counsel never argued that Epis might have discontinued growing marijuana in his house while continuing to grow it elsewhere. Therefore, even if the jurors believed that complete fulfillment of Epis's "marketing plan" ultimately might require the operation to expand beyond its current location, their verdict shows that they believed the operation would continue for a significant period of time, at least long enough for a few hundred more plants to be grown solely in Epis's home.

Finally, the district court did not err in denying Epis safety-valve relief from the mandatory minimum sentence required under 21 U.S.C. § 860(a). Epis concedes that under *United States v. Kakatin,* 214 F.3d 1049 (9th Cir.2000), he is not eligible

4. This conspiracy charge was based on three statutory sections. Section 841(a)(1) renders it illegal for a person "to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense a controlled substance." 21 U.S.C. at § 841(a)(1). Section 860 specifies that any person who violates § 841(a)(1) within 1,000 feet of a school is subject to stricter penalties. 21 U.S.C. § 860. Finally, an attempt or conspiracy to violate § 860 is "subject to the same penalties as those prescribed for the offense, the commission of which was the object of the attempt or conspiracy." 21 U.S.C. § 846.

for safety-valve relief from § 860's one-year mandatory minimum. *See id.* at 1051–52 (the "safety-valve" exception under 18 U.S.C. § 3553(f) applies to § 841, but not § 860). Epis argues that he *is* eligible for relief from the higher 120-month mandatory minimum set out in § 841(b), and incorporated by reference in § 860, because the safety-valve provisions of § 3553(f) do apply to sentences calculated for offenses under § 841.

Other circuits have rejected this argument. *United States v. Phillips,* 382 F.3d 489, 499 (5th Cir.2004); *United States v. Anderson,* 200 F.3d 1344, 1348 (11th Cir. 2000), *United States v. McQuilkin,* 78 F.3d 105, 108–09 (3d Cir.1996). Although this circuit has considered a somewhat similar issue pertaining to a different statutory provision, *see United States v. Gamboa-Cardenas,* 508 F.3d 491, 498–501 (9th Cir. 2007), we have not addressed this question directly.[5]

We decline to do so in this case, however, because the district court found that Epis has not fulfilled two of the five criteria required under § 3553(f) and therefore would not be eligible for a sentence below the mandatory minimum even if Epis's view of the relationship between § 841 and § 860 is correct. The district court found both that Epis was a "manager" in the conspiracy and that he did not meet his burden of "truthfully provid[ing] to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan." 18 U.S.C. § 3553(f)(4) & (5).

A district court's finding that a defendant has failed to prove by a preponderance of the evidence that he qualifies for the safety-valve provision should be affirmed unless a review of the record leaves us with "a definite and firm conviction that a mistake has been made." *United States v. Palafox-Mazon,* 198 F.3d 1182, 1186 (9th Cir.2000). In this case, there is evidence that Epis had the power to terminate the marijuana operation, paid at least one other member of the conspiracy, recruited at least one other member, received reports of hourly work from a third, and supplied the location, the electricity, and all of the equipment (as well as some of the marijuana plants) for the operation. Given this evidence, the district court did not clearly err by finding Epis had "exercise[d] authority" over at least one of the other participants. *United States v. Maldonado,* 215 F.3d 1046, 1050 (9th Cir.2000). The district court's finding that Epis did not demonstrate by a preponderance of the evidence that he spoke truthfully during his debriefing regarding the involvement of another member of the conspiracy in Epis's previous marijuana growing operation was also not clearly erroneous.

For the forgoing reasons, Epis's convictions and sentences are **AFFIRMED.**

RAWLINSON, Circuit Judge, concurring:

I concur in the result.

5. The statutory analysis in *Gamboa-Cardenas* focused on the "in accordance with the penalties set forth" language in 46 U.S.C. § 1903. *Gamboa-Cardenas,* 508 F.3d at 499. Whether the same analysis applies to § 860, which employs the phrase "offenses under," depends on whether Congress's use of different language in § 860 demonstrates a different intent and would consequently preserve safety-valve eligibility in relation to the mandatory minimums established by other statutory sections, which are often much higher than the mandatory minimums established in § 860 itself.