[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 11, 2012
JOHN LEY
CLERK

_____

No. 10-15800

_____

D. C. Docket No. 8:10-cr-00303-SDM-MAP-2


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

EDGAR ALFONSO PERTUZ-PERTUZ,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(May 11, 2012)


Before EDMONDSON, KRAVITCH and FARRIS,* Circuit Judges.

_____

*Honorable Jerome Farris, United States Circuit Judge for the Ninth Circuit, sitting by
designation.

PER CURIAM:

Defendant pleaded guilty to committing drug offenses on the high seas. The District Court sentenced Defendant to concurrent imprisonment terms of 120 months, pursuant to the statutory mandatory minimum sentence.

Defendant appeals, contending that the District Court erred in imposing the sentence. Defendant says he should instead have been sentenced below the mandatory minimum in accord with 18 U.S.C. § 3553(f), the "safety valve" provision.

We affirm because the offenses for which Defendant was convicted do not appear in the section 3553(f) list of specified offenses that trigger safety-valve relief.

Background

Defendant pleaded guilty to conspiring to possess with intent to distribute five or more kilograms of cocaine while aboard a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. §§ 70503(a)(1), 70506(a) & (b), and penalized pursuant to 21 U.S.C. § 960(b)(1)(B)(ii) (Count 1). Defendant also

2

pleaded guilty to aiding and abetting the possession with intent to distribute five or more kilograms of cocaine while aboard a vessel subject to the jurisdiction of the United States, in violation of section 70503(a)(1), section 70506(a), 18 U.S.C. § 2, and penalized pursuant to section 960(b)(1)(B)(ii) (Count 2).

Defendant received a two-level reduction pursuant to Sentencing Guidelines §§ 5C1.2(a)(1)-(5) and 2D1.1(b)(16), and a three-level reduction because he accepted responsibility and timely notified authorities of his intent to plead guilty. Defendant's guideline sentence range would normally have been 108 to 135 months of imprisonment. But because the penalty provision -- 21 U.S.C. § 960(b)(1)(B)(ii) -- provided for a 10-year mandatory minimum, Defendant's guideline sentence range became 120 to 135 months of imprisonment.

Over Defendant's objections that he should have been sentenced below the mandatory minimum according to the safety-valve statute, the District Court sentenced Defendant to concurrent imprisonment terms of 120 months.

Discussion

We review the District Court's interpretation of the statutes and Sentencing Guidelines de novo. United States v. Anderson, 200 F.3d 1344, 1347 (11th Cir.

3

2000).

The plain text of a statute controls. The Supreme Court has instructed that "courts must presume that a legislature says in a statute what it means and means in a statute what it says there." Conn. Nat'l Bank v. Germain, 112 S. Ct. 1146, 1149 (1992). We have said that when Congress uses clear and unambiguous language, "that is as far as we go to ascertain its intent[.]" United States v. Steele, 147 F.3d 1316, 1318 (11th Cir. 1998) (en banc).

We have also said that "by its terms, the 'safety valve' provision applies only to convictions under five specified offenses: 21 U.S.C[.] § 841, § 844, § 846, § 960, and § 963." Anderson, 200 F.3d at 1348. "The selection of these five statutes reflects an intent to exclude others[.]" Id.; see also United States v. Gamboa-Cardenas, 508 F.3d 491, 496-98 (9th Cir. 2007) (concluding that because the predecessor statute to 46 U.S.C. § 70503 was not specifically listed in section 3553(f), "the plain statutory text indicates that the safety valve does not apply[.]").

Here, Defendant was charged with and convicted for violations under Title 46 of the U.S. Code. No Title 46 offense appears in the safety-valve statute. Therefore, pursuant to the plain text of the safety-valve statute, no safety-valve sentencing relief applies.

But Defendant says that he is nevertheless entitled to sentencing relief

4

because the Title 46 offenses for which he was convicted reference the penalty provisions of 21 U.S.C. § 960: section 960 is specifically listed in the safety-valve statute. We reject Defendant's contention.

The safety valve statute, section 3553(f), refers to an "offense under" section 960 -- not to an "offense penalized under" section 960 and not to a "sentence under" section 960. Furthermore, section 960(a) lists unlawful acts that actually do qualify as "offenses under" section 960. But still, no Title 46 offense appears in the section 960(a) list.

Although 46 U.S.C. § 70506(a) references section 960 as the penalty provision for violations of 46 U.S.C. § 70503, section 960 does not incorporate section 70503 by reference as an "offense under" section 960. Therefore, the plain text of the statutes shows that convictions under Title 46 of the U.S. Code -- like Defendant's -- entitle a defendant to no safety-valve sentencing relief. We affirm Defendant's sentence.

In addition, we note that the District Court's Judgment (Doc. No. 116, 13 December 2010) contains some typographical or scrivener's errors about the statutes under which Defendant was convicted. We remand to the District Court

for the limited purpose of correcting those errors in the Judgment.[1]

AFFIRMED and REMANDED with instructions.

---

[1]To be consistent with the offenses and penalty provisions charged in the Indictment, Count 1 of the Judgment should include these statutes:  46 U.S.C. § 70503(a)(1), 46 U.S.C. § 70506(a), 46 U.S.C. § 70506(b), and 21 U.S.C. § 960(b)(1)(B)(ii).  Count 2 of the Judgment should include these statutes:  46 U.S.C. § 70503(a)(1), 46 U.S.C. § 70506(a), 18 U.S.C. § 2, and 21 U.S.C. § 960(b)(1)(B)(ii).