[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-14032
Non-Argument Calendar
_____

D.C. Docket No. 8:12-cr-00097-JSM-TBM-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

WILIHTON AVENAMO MORALES,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(August 20, 2013)

Before TJOFLAT, PRYOR and ANDERSON, Circuit Judges.

PER CURIAM:

Wilihton Avenamo Morales appeals from his 120-month statutory mandatory minimum sentence for conspiracy to possess, and possession, with intent to distribute cocaine while on board a vessel subject to the jurisdiction of the United States.  On appeal, he argues that he was entitled to safety valve relief because: (1) a prior case from this Court was wrongly decided; (2) failure to grant safety valve relief violates the Fifth Amendment; and (3) he was convicted under a statute named in the safety valve statute.

When reviewing the denial of safety valve relief, we review a district court's legal interpretation of statutes *de novo*.  *United States v. Johnson*, 375 F.3d 1300, 1301 (11th Cir. 2004).  However, we are bound by prior holdings unless they have been overruled by the Supreme Court or this Court sitting *en banc*.  *United States v. Hogan*, 986 F.2d 1364, 1369 (11th Cir. 1993).  We also review constitutional challenges *de novo*.  *United States v. Wetherald*, 636 F.3d 1315, 1320 (11th Cir. 2011).

Under the guidelines, a district court can sentence a defendant below a statutory minimum if he is statutorily eligible for safety valve relief, but only if convicted of an offense under certain statutes, including sections 1010 or 1013 of the Controlled Substances Import and Export Act, 21 U.S.C. §§ 960, 963.  18 U.S.C. § 3553(f)

Avenamo pleaded guilty to 46 U.S.C. 70503(a)(1), which provides:

2

"An individual may not knowingly or intentionally manufacture or distribute, or possess with intent to manufacture or distribute, a controlled substance on board a vessel of the United States or a vessel subject to the jurisdiction of the United States."  46 U.S.C. § 70503(a)(1).  Since 2006, federal law has provided that a violation of § 70503 "shall be punished as provided in section 1010 of the Comprehensive Drug Abuse Prevention and Control Act of 1970 (21 U.S.C. 960) . . ."  46 U.S.C. § 70506(a).

In *United States v. Pertuz-Pertuz*, 679 F.3d 1327 (11th Cir. 2012), this court held that defendants convicted under 70503 were not eligible for the safety valve. There, the defendant "pleaded guilty to conspiring to possess with intent to distribute five or more kilograms of cocaine while aboard a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. §§ 70503(a)(1), 70506(a) & (b), and penalized pursuant to 21 U.S.C. § 960(b)(1)(B)(ii) (Count 1). The defendant also pleaded guilty to aiding and abetting the possession with intent to distribute five or more kilograms of cocaine while aboard a vessel subject to the jurisdiction of the United States, in violation of section 70503(a)(1), section 70506(a), 18 U.S.C. § 2, and penalized pursuant to section 960(b)(1)(B)(ii) (Count 2)."  *Id.* at 1328.  He sought safety valve relief at sentencing, without success, and appealed.  *Id.*  Finding that the "plain text of a statute controls," we held that no Title 46 offense appeared in the safety valve statute and thus no safety valve

3

sentencing relief applied. *Id.* We specifically rejected the contention that a penalty pursuant to § 960 qualified a defendant for safety valve relief. *Id.* at 1329.

In an earlier case, *United States v. Rodriguez-Rodriguez*, 863 F.2d 830 (11th Cir. 1989), we held that a Title 46 reference to penalty provisions in a specific act, the "Comprehensive Drug Abuse Prevention and Control Act of 1970," incorporated subsequent 1986 amendments to the act referenced. *Id.* at 831-832. However, that case did not address safety valve relief generally or whether Title 46 incorporated 21 U.S.C. § 960 as a substantive offense. *See id.*

To state a valid equal-protection challenge, a petitioner must allege that the statute in question either singles out a protected class of individuals or impinges on a fundamental right. *See Thornton v. Hunt*, 852 F.2d 526, 527 (11th Cir. 1988). If the challenged statute fails to fulfill either of these requirements, then the provision is subject to rational-basis review. *Id.* Under this standard, a court must uphold legislation that does not employ suspect classifications or impinge on fundamental rights unless the legislation is not rationally related to a legitimate governmental purpose. *Heller v. Doe*, 509 U.S. 312, 319, 113 S.Ct. 2637, 2642, 125 L.Ed.2d 257 (1993). A legislative classification subject to rational-basis review is "accorded a strong presumption of validity." *Id.* The party challenging the statute must show that there is no "rational relationship between the disparity of treatment and some legitimate governmental purpose." *Id.* at 320, 113 S.Ct. at 2642.

4

This case falls squarely within the holding of *Pertuz-Pertuz*. Safety valve relief was unavailable to Avenamo because he was convicted of Title 46 offenses not enumerated in the safety valve statute. *Pertuz-Pertuz*, 679 F.3d at1328. We have also specifically rejected the argument that including a citation to 21 U.S.C. § 960(b)(1)(B)(ii) as the penalty provision for a Title 46 offense renders a defendant eligible for safety valve relief. *Id.* at 1329 & n.1.

Finally, Avenamo has failed to demonstrate a violation of the Fifth Amendment. He concedes that rational basis review is appropriate, and he has failed to demonstrate that there is no rational basis for the distinction in differing mandatory minimums, especially given the "strong presumption of validity." *Heller*, 509 U.S. at 319, 113 S.Ct. at 2642. The district court correctly denied safety valve relief.

**AFFIRMED.**[1]

---

[1]    Avenamo's motion for initial hearing en banc is DENIED.

5