[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-13136
Non-Argument Calendar
_____

D.C. Docket No. 8:14-cr-00462-VMC-AEP-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GIEZI MAGNO ZAMORA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(September 8, 2016)

Before MARTIN, JILL PRYOR and ANDERSON, Circuit Judges.

PER CURIAM:

Giezi Magno Zamora appeals his 120-month sentence for possessing with intent to distribute, and conspiring to possess with intent to distribute, five kilograms or more of cocaine aboard a vessel, in violation of 46 U.S.C. §§ 70503(a), 70506(a) & (b), and penalized pursuant to 21 U.S.C. § 960(b)(1)(B)(ii).  On appeal, Zamora argues that the district court erred in denying his request for a minor role reduction, or an even greater minimal role reduction, because of his menial participation as a deckhand in a cocaine smuggling venture.

Even assuming, however, that the district court erred in refusing to grant Zamora's request for a minor role reduction, any such error was harmless because Zamora's sentence of 120 months' imprisonment is already at the statutory mandatory minimum.  *See* 46 U.S.C. §§ 70506(a) & (b); 21 U.S.C. § 960(b)(1)(B)(ii).  "It is well-settled that a district court is not authorized to sentence a defendant below the statutory mandatory minimum unless the government filed a substantial assistance motion pursuant to 18 U.S.C. § 3553(e) and U.S.S.G. § 5K1.1 or the defendant falls within the safety-valve of 18 U.S.C. § 3553(f)."  *United States v. Castaing-Sosa*, 530 F.3d 1358, 1360 (11th Cir. 2008).  The government did not file a substantial assistance motion here.  Zamora's convictions also do not qualify for safety valve relief under 18 U.S.C. § 3553(f).  *See United States v. Pertuz-Pertuz*, 679 F.3d 1327, 1328-29 (11th Cir. 2012)

2

(holding that safety valve relief does not apply to violations of 46 U.S.C. §§ 70503(a), 70506(a) & (b)).  Thus, because Zamora is already serving a mandatory minimum sentence and does not qualify for a sentence below that minimum, any error in the district court's denial of his request for a minor role reduction was harmless and we need not address it.  *See United States v. Raad*, 406 F.3d 1322, 1323 n.1 (11th Cir. 2005).  Accordingly, we affirm.

**AFFIRMED.**