[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 16-14564
Non-Argument Calendar

_____

D.C. Docket No. 4:15-cr-10015-JLK-3

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JULIO JAVIER BARLIZA PUSHAINA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(August 15, 2017)

Before MARTIN, ROSENBAUM, and ANDERSON, Circuit Judges.

PER CURIAM:

Julio Javier Barliza Pushaina was a crewmember on board a drug-trafficking

vessel that was apprehended in international waters by the United States Coast

Guard. After pleading guilty to one count of conspiracy to possess with intent to distribute cocaine on board a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. §§ 70503(a) and 70506(b), he was sentenced to 135 months of imprisonment, a little over a year more than the ten-year mandatory minimum sentence. For the first time on appeal, Pushaina argues that his guideline range was higher than it should have been because the district court failed to apply U.S.S.G. § 2D1.1(b)(17), which calls for a two-level reduction in the offense level if the defendant meets the "safety valve" criteria set forth in U.S.S.G. § 5C1.2.

We review for plain error a challenge to a calculation of the guideline range not raised before the district court. *Molina-Martinez v. United States*, 136 S. Ct. 1338, 1342–43 (2016). To establish plain error, an appellant must show that there was (1) an error; (2) that is "plain—that is to say, clear or obvious"; and (3) that affects the defendant's substantial rights. *Id*. at 1343. When these three factors are met, an appellate court may exercise its discretion and correct the error if it seriously affects the fairness, integrity, or public reputation of the judicial proceedings. *Id.*

The so-called "safety valve" provision enables a district court to sentence a defendant without regard to the otherwise-applicable statutory minimum. *See* 18 U.S.C. § 3553(f) & U.S.S.G. § 5C1.2. Eligibility for safety-valve relief depends on two main factors. First, the defendant's offense must be under certain specified

2

statutes, specifically "21 U.S.C. § 841, § 844, § 846, § 960, or § 963."  U.S.S.G.

§ 5C1.2; *see* 18 U.S.C. § 3553(f).  Second, the defendant must meet the following

five criteria:

> (1) the defendant does not have more than 1 criminal history point, as determined under the sentencing guidelines;
>
> (2) the defendant did not use violence or credible threats of violence or possess a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;
>
> (3) the offense did not result in death or serious bodily injury to any person;
>
> (4) the defendant was not an organizer, leader, manager, or supervisor of others in the offense, as determined under the sentencing guidelines and was not engaged in a continuing criminal enterprise, as defined in section 408 of the Controlled Substances Act; and
>
> (5) not later than the time of the sentencing hearing, the defendant has truthfully provided to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan, but the fact that the defendant has no relevant or useful other information to provide or that the Government is already aware of the information shall not preclude a determination by the court that the defendant has complied with this requirement.

*Id.*

As Pushaina conceded at his sentencing, he is not eligible to be sentenced

below the applicable ten-year mandatory minimum for his offense because his

conviction is under Title 46, and "[n]o Title 46 offense appears in the safety-valve

statute."  *United States v. Pertuz-Pertuz*, 679 F.3d 1327 (11th Cir. 2012).  By its

plain terms, the safety-valve provision applies to only convictions under five specified statutes, and Pushaina's conviction is not under one of those statutes. *Id.* at 1328. "Therefore, pursuant to the plain text of the safety-valve statute, no safety-valve sentencing relief applies." *Id.* The fact that Pushaina was penalized pursuant to § 960, which is one of the specified statutes, does not bring his offense within the ambit of the safety-valve provision. *Id.* at 1329 ("Although 46 U.S.C. § 70506(a) references section 960 as the penalty provision for violations of 46 U.S.C. § 70503, section 960 does not incorporate section 70503 by reference as an "offense under" section 960.").

Besides the safety valve's effect on mandatory minimums, however, defendants who meet the five safety-valve criteria can also receive a two-level reduction in their offense level under the Sentencing Guidelines. *See* U.S.S.G. § 2D1.1(b)(17) ("If the defendant meets the criteria set forth in subdivisions (1) to (5) of subsection (a) of § 5C1.2 (Limitation on Applicability of Statutory Minimum Sentences in Certain Cases), decrease by 2 levels."). Pushaina's offense of conviction does not bar application of the reduction under § 2D1.1(b)(17). *See Pertuz-Pertuz*, 679 F.3d at 1328 (noting without further comment that the district court had applied the same two-level reduction for meeting the five criteria enumerated in U.S.S.G. § 5C1.2(a)(1)–(5)). Section 2D1.1(b)(17) simply requires that he meet the five criteria set forth in § 5C1.2(a)(1)–(5).

4

Here, however, although Pushaina addressed the issue of safety-valve relief with regard to the mandatory minimum, he did not ask the district court to apply the two-level reduction under § 2D1.1(b)(17).  And that ultimately is fatal to his claim on appeal because Pushaina bore the "burden of proving his eligibility for relief under § 5C1.2."  *United States v. Cruz*, 106 F.3d 1553, 1558 (11th Cir. 1997); *see United States v. Johnson*, 375 F.3d 1300, 1302 (11th Cir. 2004).  The first and fourth factors clearly were met, since Pushaina did not have more than one criminal-history point and the district court found that he was not an organizer, leader, manager, or supervisor of others in the offense.  But, while some information in the record bears on the remaining factors, Pushaina never argued or offered evidence in front of the district court to show that he met the criteria.  As a result, the district court never made any corresponding findings.  Based on the current record, we cannot say that it is clear or obvious that Pushaina met the five criteria set forth in § 5C1.2(a)(1)–(5), so we likewise cannot say that the court plainly erred in failing to apply the two-level reduction under § 2D1.1(b)(17).  *See Molina-Martinez*, 136 S. Ct. at 1343 ("[T]he error must be plain—that is to say clear or obvious.").

Accordingly, we affirm Pushaina's 135-month sentence.

**AFFIRMED.**

5