[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 18-11471
Non-Argument Calendar

_____

D.C. Docket No. 0:17-cr-60246-WPD-3


UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JAIME QUIJIJE-NAPA,

Defendant - Appellant.

_____

Appeals from the United States District Court
for the Southern District of Florida

_____

(June 4, 2019)

Before WILSON, JILL PRYOR and HULL, Circuit Judges.

PER CURIAM:

Jaime Quijije-Napa, a citizen of Ecuador, pled guilty to one count of

conspiracy to possess with intent to distribute five or more kilograms of cocaine, in

violation of the Maritime Drug Law Enforcement Act ("MDLEA"), 46 U.S.C. §§ 70501-70508, and was sentenced to a mandatory minimum of 120 months' imprisonment and five years' supervised release.  He appeals his sentence on the basis that he is eligible for relief under the safety valve statute, 18 U.S.C. § 3553(f), and entitled to a two-level reduction in his offense level for his minor role in the crime.  After careful review, we conclude that our precedents foreclose his first challenge and that any error by the district court regarding his second challenge was harmless.  We therefore affirm.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

The U.S. Coast Guard detained Quijije-Napa and two other crewmembers when it intercepted in international waters about 315 nautical miles south of Guatemala a stateless vessel carrying the crew and 467 kilograms of cocaine.  The three crewmembers were held at sea and then presented to a U.S. magistrate judge after entering the United States.

Quijije-Napa pled guilty to conspiring to possess with intent to distribute five or more kilograms of cocaine, in violation of 46 U.S.C. §§ 70503(a)(1) and 70506(b) and 21 U.S.C. § 960(b)(1)(B).  Neither his guilty plea nor the factual proffer supporting his plea provided any facts demonstrating that he had a plan or intent to bring the cocaine to the United States.

At sentencing, Quijije-Napa argued that he was eligible for safety valve relief under the version of 18 U.S.C. § 3553(f) then in place, which would permit the court to sentence him below the statutory mandatory minimum of 120 months' imprisonment and five years' supervised release prescribed in 21 U.S.C. § 960(b)(1)(B)(ii).  He also argued that he should receive a two-level reduction in his offense level for his minor role in the crime.  *See* U.S.S.G. § 3B1.2(b).  The district court determined, however, that he was ineligible for the safety valve and not entitled to the two-level minor-role reduction and imposed the mandatory minimum.  Quijije-Napa appealed.

## II.    STANDARDS OF REVIEW

We review *de novo* a district court's interpretation of a statute, *United States v. Pertuz-Pertuz*, 679 F.3d 1327, 1328 (11th Cir. 2012), and whether a statute is constitutional, *United States v. Castillo*, 899 F.3d 1208, 1212 (11th Cir. 2018), *cert. denied*, 139 S. Ct. 796 (2019).  Although we review only for clear error the district court's factual findings as to the defendant's role in the offense, we review *de novo* the district court's application of the U.S. Sentencing Guidelines to those facts.  *United States v. Delgado*, 56 F.3d 1357, 1363 (11th Cir. 1995).

## III.   DISCUSSION

Precedent compels us to reject Quijije-Napa's argument that he is eligible for relief under the safety valve statute and that any ineligibility is unconstitutional.

3

We also reject his argument that he is entitled to a two-level minor-role reduction in his offense level because any error by the district court was harmless.

## A. Quijije-Napa's Offense Does Not Qualify for Safety Valve Relief, and the Different Treatment of Territorial Versus Extraterritorial Drug Trafficking Does Not Violate Equal Protection.

### 1. Quijije-Napa's Statutory Argument

While Quijije-Napa's appeal was pending, Congress added MDLEA offenses to the safety valve statute, 18 U.S.C. § 3553(f). *See* First Step Act of 2018, Pub. L. No. 115-391, § 402(a)(1)(A)(ii), 132 Stat. 5194, 5221 (adding 46 U.S.C. §§ 70503 and 70506 to 18 U.S.C. § 3553(f)). Congress made the amendment applicable to convictions entered only on and after the date of enactment, *id.* § 402(b), however, which means that Quijije-Napa may not benefit from the amendment.

When Quijije-Napa was convicted, the safety valve statute permitted district courts to sentence a defendant under the Sentencing Guidelines "without regard to" a statutory mandatory minimum only for "offense[s] under" 21 U.S.C. §§ 841, 844, 846, 960, or 963. 18 U.S.C. § 3553(f) (amended December 21, 2018, after Quijije-Napa's conviction). Quijije-Napa pled guilty to conspiring to possess with intent to distribute five or more kilograms of cocaine in violation of 46 U.S.C. §§ 70503(a)(1) and 70506(b) and 21 U.S.C. § 960(b)(1)(B). Section 70503(a)(1) provides, "While on board a covered vessel [e.g., a "vessel subject to the

4

jurisdiction of the United States," 46 U.S.C. § 70503(e)(1), which includes any stateless vessel, *id.* § 70502(c)(1)(A)], an individual may not knowingly or intentionally . . . possess with intent to . . . distribute[] a controlled substance." Section 70506(b) provides, "A person . . . conspiring to violate section 70503 of this title is subject to the same penalties as provided for violating section 70503." Section 70506(a) provides, "A person violating paragraph (1) of section 70503(a) of this title shall be punished as provided in . . . 21 U.S.C. [§] 960 . . . ."  Section 960(b)(1)(B)(ii) prescribes a mandatory minimum of 120 months' imprisonment and five years' supervised release and a maximum of life imprisonment for first-time offenses involving five or more kilograms of a "mixture or substance containing a detectable amount" of cocaine.

Quijije-Napa points us to a recent pre-First Step Act case in which the D.C. Circuit concluded that MDLEA offenses qualify as "offense[s] under" 21 U.S.C. § 960.  *United States v. Mosquera-Murillo*, 902 F.3d 285, 292 (D.C. Cir. 2018). The D.C. Circuit observed that "§ 960 supplies the offense elements of drug-type and drug-quantity—5 or more kilograms of cocaine . . . —[that] bear on the degree of culpability and determine the statutory sentencing range."  *Id.* at 293 (citing 21 U.S.C. § 960(b)(1)(B)).  Thus, the D.C. Circuit held, "the defendants' crime [wa]s 'an offense under' *both* the MDLEA *and* § 960, drawing offense elements from each."  *Id.*  The D.C. Circuit found further support for its conclusion in

*Apprendi v. New Jersey*, in which the Supreme Court held that "any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury[] and proved beyond a reasonable doubt."  530 U.S. 466, 490 (2000); *see Mosquera-Murillo*, 902 F.3d at 293.  "The drug-type and drug-quantity elements set out in § 960(b) qualify as elements for purposes of *Apprendi* because they establish the maximum sentence," the D.C. Circuit held, and so the defendants' convictions "involve[d] 'an offense under' § 960 for purposes of safety-valve eligibility."  *Mosquera-Murillo*, 902 F.3d at 293.

As a panel, we may not consider the D.C. Circuit's analysis in determining whether Quijije-Napa is entitled to safety valve relief because we are bound by the prior panel opinions of this Court "unless and until [they are] overruled or undermined to the point of abrogation by the Supreme Court or by this [C]ourt sitting *en banc*."  *United States v. Archer*, 531 F.3d 1347, 1352 (11th Cir. 2008); *see also Smith v. GTE Corp.*, 236 F.3d 1292, 1303 (11th Cir. 2001) (rejecting an "'overlooked reason' exception" to the "prior panel precedent rule").  Prior to the enactment of the First Step Act of 2018, this Court held that "[a]lthough 46 U.S.C. § 70506(a) references section 960 as the penalty provision for violations of 46 U.S.C. § 70503, section 960 does not incorporate section 70503 by reference as an 'offense under' section 960."  *Pertuz-Pertuz*, 679 F.3d at 1329.  "Therefore, the plain text of the statutes shows that convictions under Title 46 of the U.S. Code—

like Defendant's—entitle a defendant to no safety-valve sentencing relief." *Id.*[1]

Quijije-Napa's statutory safety valve argument based on the pre-First Step Act

version of 18 U.S.C. § 3553(f) therefore fails.

### 2. Quijije-Napa's Constitutional Argument

Quijije-Napa observes that our pre-First Step Act caselaw excluding

46 U.S.C. § 70503 offenses from 18 U.S.C. § 3553(f)'s safety valve means that

people convicted of trafficking drugs extraterritorially prior to the First Step Act's

enactment receive harsher sentences than people convicted of trafficking drugs

inside the United States.  This distinction, he argues, lacks a rational basis and

therefore violates the equal protection component of the Fifth Amendment's Due

Process Clause.[2]

Again, though, our precedent requires us to reject his argument.  This Court

has held that "Congress has legitimate reasons to craft strict sentences for

---

[1] Quijije-Napa has abandoned his argument that the Supreme Court's decision in *Alleyne v. United States*, 570 U.S. 99 (2013), abrogated this Court's decision in *Pertuz-Pertuz*.  He waited until his reply brief on appeal to make this argument, having failed to make it to the district court or make anything more than a single passing reference to *Alleyne* in his opening brief on appeal.  He therefore has waived this argument.  *See Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 682 (11th Cir. 2014) (holding that appellants abandoned arguments after making only passing references to them in their opening brief on appeal); *Access Now, Inc. v. Sw. Airlines Co.*, 385 F.3d 1324, 1331 (11th Cir. 2004) ("This Court has repeatedly held that an issue not raised in the district court and raised for the first time in an appeal will not be considered by this [C]ourt." (internal quotation marks omitted)).

[2] Quijije-Napa concedes that rational basis review applies because the distinction he has identified "does not infringe fundamental rights or concern a suspect class." *Castillo*, 899 F.3d at 1213 (alterations adopted) (internal quotation marks omitted).

violations of the Act.  In contrast with domestic drug offenses, international drug trafficking raises pressing concerns about foreign relations and global obligations." *Castillo*, 899 F.3d at 1213 (citing article 17(1) of the United Nations Convention Against Illicit Traffic in Narcotic Drugs and Psychotropic Substances, Dec. 20, 1988, 1582 U.N.T.S. 95, which obligates the United States to "co-operate to the fullest extent possible to suppress illicit traffic by sea").  "Moreover, the inherent difficulties of policing drug trafficking on the vast expanses of international waters suggest that Congress could have rationally concluded that harsh penalties are needed to deter would-be offenders."  *Id.*  The pre-First Step Act safety valve's distinction between domestic versus extraterritorial drug trafficking therefore does not violate equal protection.

## B. Any Error by the District Court in Denying Quijije-Napa a Two-Level Reduction for His Minor Role Was Harmless.

Quijije-Napa argues that the district court erred in denying him a two-level reduction in the offense level for his minor role in the crime.  *See* U.S.S.G. § 3B1.2(b).  We need not decide, however, whether the district court erred in denying Quijije-Napa the minor-role reduction because the district court sentenced him to the statutory mandatory minimum of 120 months' imprisonment and five years' supervised release, 21 U.S.C. § 960(b)(1)(B)(ii), making any such error harmless.  *See United States v. Raad*, 406 F.3d 1322, 1323 n.1 (11th Cir. 2005) ("Because we conclude that the district court correctly imposed the statutory

8

mandatory minimum sentence, any error in the guidelines calculations is harmless . . . .").

## IV.    CONCLUSION

Our precedents foreclose Quijije-Napa's argument that he is eligible for sentencing relief under the safety valve statute, and any error by the district court in denying a two-level minor-role reduction was harmless.  We therefore affirm his sentence.

**AFFIRMED.**