[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-15156
Non-Argument Calendar
_____

D.C. Docket No. 8:18-cr-00229-MSS-CPT-11

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

REMIGIO ADIRAN CHICUATE SANCHEZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(November 15, 2019)

Before JORDAN, BRANCH and BLACK, Circuit Judges.

PER CURIAM:

Remigio Adiran Chicuate Sanchez appeals his total 120-month sentence of imprisonment, imposed after he pled guilty to violations of the Maritime Drug Law Enforcement Act ("MDLEA"), 46 U.S.C. § 75051 *et seq.* Specifically, he pled guilty to conspiring to possess with intent to distribute five kilograms or more of cocaine while on board a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. §§ 70503(a), 70506(a) & (b), and 21 U.S.C. § 960(b)(1)(B)(ii) (Count 2), and possessing with intent to distribute five kilograms or more of cocaine while on board a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. §§ 70503(a), 70506(a), 21 U.S.C. 960(b)(1)(B)(ii), and 18 U.S.C. § 2 (Count 3).

On appeal, Sanchez argues the district court erred in finding that it could not, pursuant to 18 U.S.C. § 3553(f)'s "safety valve" provision, sentence him below the mandatory minimum 120-month sentence provided by his statutes of conviction. He argues that, even though a panel of this Court held directly to the contrary in *United States v. Pertuz-Pertuz*, 679 F.3d 1327, 1329 (11th Cir. 2012), defendants like him, who have been convicted under the MDLEA, are eligible for safety-valve relief. After review,[1] we affirm.

___

[1] "When reviewing the denial of safety-valve relief, we review for clear error a district court's factual determinations." *United States v. Johnson*, 375 F.3d 1300, 1301 (11th Cir. 2004). "We review *de novo* the court's legal interpretation of the statutes and sentencing guidelines." *Id.*

"The Maritime Drug Law Enforcement Act grants the United States jurisdiction over 'a vessel registered in a foreign nation if that nation has consented or waived objection to the enforcement of United States law by the United States,' and it forbids individuals on such vessels from both 'possess[ing] with intent to . . . distribute . . . a controlled substance,' and conspiring to do the same." *United States v. Castillo*, 899 F.3d 1208, 1212 (11th Cir. 2018), *cert. denied*, 139 S. Ct. 796 (2019) (alterations in original) (citing 46 U.S.C. §§ 70502(c)(1)(C), 70503(a) & 70506(b)). "First-time offenders are subject to a mandatory minimum penalty of 10 years of imprisonment for a violation that 'involv[es] . . . [five] kilograms or more of a mixture or substance containing a detectable amount of [cocaine].'" *Id.* (citing 21 U.S.C. § 960(b)(1)(B) & 46 U.S.C. § 70506(a)).

For defendants convicted of certain controlled substances offenses "under" Title 21, the safety-valve provision permits a court to impose a sentence without regard to prescribed statutory minimums if the defendant meets certain eligibility requirements. 18 U.S.C. § 3553(f); U.S.S.G. § 5C1.2(a)  Of note, § 3553(f) specifically mentions "offense[s] under . . . section 1010 . . . of the Controlled Substances Import and Export Act," which is codified at 21 U.S.C. § 960. 18 U.S.C. § 3553(f). A qualifying defendant may also receive a two-point reduction in his base offense level under the Sentencing Guidelines. U.S.S.G. § 2D1.1(b)(18). The defendant has the burden to prove that he meets the eligibility

requirements under § 3553(f) and U.S.S.G. § 5C1.2. *See United States v. Cruz*, 106 F.3d 1553, 1557 (11th Cir. 1997).

As noted above, Sanchez argues on appeal that he is eligible for safety-valve relief as to his MDLEA convictions. He bases this assertion on two premises: (1) the text of both the MDLEA and § 3553(f) indicate that his MDLEA convictions qualify as offenses "under" 21 U.S.C. § 960; and (2) legislative history, including the recent enactment of the First Step Act of 2018, demonstrates that Congress has long sought to ensure parity between sentences imposed for drug-trafficking offenses committed in domestic waters and those committed in international waters.

Importantly, however, we have repeatedly held that defendants convicted under the MDLEA are not eligible for "safety-valve" relief under § 3553(f). *Pertuz-Pertuz*, 679 F.3d at 1329; *Castillo*, 899 F.3d at 1212–14; *United States v. Valois*, 915 F.3d 717, 729 (11th Cir. 2019), *petition for cert. filed*, (U.S. May 13, 2019) (No. 18-9328). Moreover, our prior precedent rule provides that "a prior panel's holding is binding on all subsequent panels unless and until it is overruled or undermined to the point of abrogation by the Supreme Court or by this [C]ourt sitting *en banc*." *United States v. Archer*, 531 F.3d 1347, 1352 (11th Cir. 2008).

Thus, our prior decisions, which we are bound to follow, squarely foreclose any argument that a defendant, like Sanchez, convicted under the MDLEA is

4

eligible for safety-valve relief.  *See, e.g.*, *Pertuz-Pertuz*, 679 F.3d at 1329.  We decline Sanchez's invitation for us to depart from our prior caselaw, as those decisions have not been overruled or undermined to the point of abrogation by the Supreme Court or by this Court sitting *en banc.  Archer*, 531 F.3d at 1352.

In any case, we reject Sanchez's substantive arguments as to his eligibility for safety-valve relief.  As we noted in *Pertuz-Pertuz*, Sanchez's contention that an MDLEA offense was one that fell "under" 21 U.S.C. § 960 is without merit.  This is because the MDLEA refers to § 960 for penalty purposes only, and § 3553(f) refers to an "offense under" § 960—not to one *penalized* under § 960:

> Although 46 U.S.C. § 70506(a) references section 960 as the penalty provision for violations of 46 U.S.C. § 70503, section 960 does not incorporate section 70503 by reference as an "offense under" section 960.  Therefore, the plain text of the statutes shows that *convictions under Title 46 of the U.S. Code . . .* entitle a defendant to *no safety-valve sentencing relief*.

679 F.3d at 1329 (emphasis added).

We are similarly unpersuaded by Sanchez's legislative-history arguments, which include references to the First Step Act's amendments to § 3553(f)'s safety-valve provision.  To the extent that Sanchez suggests that he can obtain relief pursuant to those amendments, that contention also fails.  The First Step Act of 2018, which was enacted on December 21, 2018, amended, among other things, 18 U.S.C. § 3553(f)'s safety-valve provision.  First Step Act of 2018, Pub. L. No. 115-391, § 402(a), 132 Stat. 5194.  As relevant here, that legislation expanded the

5

reach of the safety valve by permitting those defendants convicted of MDLEA offenses to take advantage of it, provided they can satisfy its other requirements. *Id.* However, the Act provides that the aforementioned amendment "shall apply only to a conviction entered on or after the date of the enactment of the Act." *Id.* § 402(b). In other words, this provision of the First Step Act does not apply retroactively. Sanchez's convictions—which were entered on November 30, 2018—predated the enactment of the First Step Act, and he therefore is ineligible for relief under the pertinent amendment. *See* First Step Act of 2018, Pub. L. No. 115-391, § 402(b), 132 Stat. 5194.

For the reasons stated above, Sanchez has not demonstrated that the district court erred in refusing to grant him safety-valve relief, and we affirm his total 120-month sentence.

**AFFIRMED.**

JORDAN, Circuit Judge, concurring in the judgment:

I concur in the judgment because we are bound by circuit precedent to reject Mr. Sanchez's claim of eligibility to safety-valve relief under the former version of 18 U.S.C. § 3553(f). *See, e.g., United States v. Pertuz-Pertuz*, 679 F.3d 1327, 1329 (11th Cir. 2012). If we were writing on a blank slate, however, I would follow the D.C. Circuit's opinion in *United States v. Mosquera-Murrillo*, 902 F.3d 285, 292-95 (D.D. Cir. 2018), and conclude that MDLEA defendants like Mr. Sanchez are indeed eligible for safety-valve relief.